IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SAGENT TECHNOLOGY, INC.       *

     Plaintiff                     *

v.                             *      Civil Action No. JFM-02-2505

MICROS SYSTEMS, INC., et al     *

     Defendants              *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OF LAW IN SUPPORT OF
SAGENT TECHNOLOGY, INC.'S MOTION TO DISMISS
COUNTERCLAIM OR, ALTERNATIVELY,
FOR SUMMARY JUDGMENT**

Sagent Technology, Inc. ("Sagent"), by and through undersigned counsel, hereby submits this Memorandum of Law in support of its Motion to Dismiss Defendant's Counterclaim Or, Alternatively, for Summary Judgment.  Counts II (Negligent Misrepresentation), III (Breach of Covenant of Good Faith and Fair Dealing) and IV (Fraud in the Inducement) of the Counterclaim relate to and arise from a contract between the parties which is separate and apart from the contract on which Sagent's breach of contract claim is predicated and which contains a choice of law/choice of forum provision that dictates that any actions related to the contract be brought in Santa Clara County California and decided under California law.  Therefore, Counts II, III and IV of the Counterclaim are not appropriately venued in this Court and should be dismissed.

Summary judgment should be entered in favor of Sagent as to Count I of the Counterclaim (Fraud) because the statements cited in support of that claim cannot serve as a predicate for a fraud claim under Maryland law and there is no evidence that Sagent acted with the requisite intent to deceive Micros.

Count II of the Counterclaim (Negligent Misrepresentation) should be dismissed because Sagent owed no duty to Micros Systems, Inc. ("Micros"), Defendant herein.

Count III of the Counterclaim should be dismissed because Maryland law does not recognize a separate cause of action for breach of a covenant of good faith and fair dealing.

I.      BACKGROUND

This breach of contract case was initially filed in state court in Santa Clara County California. It was subsequently removed to the United States District Court for the Northern District of California, and then transferred to this Court. The central allegation in the Complaint is that on or about June 30, 2000 Micros entered into a contract to purchase software from Sagent for $136,000, that Sagent performed fully all of its obligations under the contract, and that Micros has failed to pay for the software it purchased. Once the case was transferred to this Court, Micros answered the Complaint and asserted a Counterclaim, setting forth the above-referenced counts. Sagent has denied all allegations set forth in the Counterclaim.

II.     ARGUMENT

      A.      <u>Counts II, III and IV of Micros' Counterclaim Should Be Dismissed As the Claims Therein Relate to a Contract Which Contains a Choice of Law/Choice of Forum Provision That Dictates That Actions Related to the Contract Be Filed In Santa Clara County California and Decided Under California Law</u>.

Counts II (Negligent Misrepresentation), III (Breach of Covenant of Good Faith and Fair Dealing) and IV (Fraud in the Inducement) of the Counterclaim are related to the Joint Intellectual Property Agreement ("JIPA" or "Agreement") the parties executed in December 1999. <u>See</u> Micros' Counterclaim at ¶¶29, 38, 55, 58-59. A copy of the JIPA is attached hereto as Exhibit A.[1] Any part

---

[1] Sagent's underlying breach of contract claim is <u>not</u> predicated on the JIPA.

of Micros' Counterclaim that sets forth allegations based on the JIPA should be dismissed because

that Agreement includes a provision which stipulates unambiguously that any action related to the

Agreement must be brought in Santa Clara County California and decided under the laws of the State

of California.  Exhibit A at ¶11.5.  In pertinent part, the Agreement provides:

> 11.5    Governing Law.    Any action relating to this
> Agreement shall be brought in Santa Clara County
> California.  This agreement shall be governed by the
> laws of the State of California.  The prevailing party
> in any action shall recover attorney's fees.

Exhibit A at ¶11.5.

Both Maryland and California courts have adopted the Restatement (Second) of Conflict of

Laws §187, which generally gives effect to a choice of law/choice of forum provision voluntarily

agreed to by parties to a contract.  See Ciena Corp. v. Jarrard, 203 F.3d 312 (4th Cir. 2000);

International Bus. Machines v. Bajorek, 191 F.3d 1033 (9th Cir. 1999); see also Gray v. American

Express Co., 743 F.2d 10 (D.C. Cir. 1984); Northrop Corp. v. Triad. Int'l Mkt, S.A., 811 F.2d 1265

(9th Cir. 1987), cert. denied, 108 S.Ct. 261, 484 U.S. 914, 98 L.Ed.2d 219 (1987).  When it signed

the JIPA in December 1999, Micros did so with full knowledge that any action on that Agreement

had to be filed in Santa Clara County California and decided under California law.  Indeed, as noted

above, it was Micros that removed this case -- initially filed in state court in Santa Clara County

California -- to federal court in California and then to this Court.  While Micros' Counterclaim may

have been appropriately venued had this case remained in Santa Clara County California, it is not

appropriately venued in this Court and Counts II, III, and IV of the Counterclaim should therefore

be dismissed.

Dismissal of Counts II, III and IV of the Counterclaim would also serve to streamline

disposition of this case as the allegations in Sagent's Complaint will be decided under Maryland

law.[2]

        B.        <u>Summary Judgment Should Be Entered in Favor of Sagent on Count I of the Counterclaim (Fraud) Because the Statements Cited in Support of That Claim Cannot Serve as the Predicate for a Fraud Claim Under Maryland Law and There Is No Evidence That Sagent Acted With the Requisite Intent to Deceive Micros</u>.

Count I of Micros' Counterclaim purports to set forth a cause of action for fraud. In order

to sustain a claim for fraud Micros must prove by clear and convincing evidence, *inter alia*, that

Sagent made a false statement of material fact knowing the statement was false or with reckless

indifference to its truth, with the intent to deceive Micros. <u>VF Corp. v. Wrexham Aviation Corp</u>.,

350 Md. 693, 703-04, 715 A.2d 188 (1998). The false statements to which Micros specifically refers

in this regard are seen at ¶¶6 and 7 of the Counterclaim. <u>See</u> Counterclaim at ¶¶6, 7, 21. It is alleged

that in meetings with Micros personnel on May 10, 2000 and June 6, 2000 Sagent personnel

represented, *inter alia*, that Sagent would work with Micros to serve mutual customers and to

identify end users to whom Micros could resell the software Micros had contracted to purchase from

Sagent and that Micros could return the software to Sagent for a full refund if it could not resell it.

Counterclaim at ¶¶6, 7.

Maryland law is clear, however, that "[m]ere enthusiasm about a potential business

relationship cannot form the basis for a fraud claim." <u>Suburban Mortgage Assoc., Inc. v. Merrill

Lynch Mortgage Capital</u>, 51 Fed.Appx. 381, 385, 2002 WL 31526116 (4th Cir. 2002). When

---

[2] In granting Micros' motion to transfer the case to this Court, Judge Trumbull applied California's conflict of laws analysis to conclude that Sagent's breach of contract claim would be decided under Maryland law. <u>See</u> May 29, 2002 Order of the United States District for the Northern District of California at 3-4.

questioned about the "full refund" notion during his deposition, Scott Callnin – the "point person" for Micros on this transaction – denied the allegation that the parties entertained such a notion and emphasized the confidence the parties had in the their future business relationship:

> Q:    Do you recall [during the June 6, 2000 meeting] language about the notion that the software [c]ould be returned to Sagent?
>
> A:    I don't think we had discussions about the possibility of needing to return it strictly because of <u>the upbeat nature of going forward with the project and being able to find some clients eventually for this</u>.

Callnin Tr. (Exhibit B hereto) at 78 (emphasis added).[3]  This Court has held that a party cannot "prove fraud inferentially by asserting that [its opponent's] statements concerning its expectations as to [the parties' business relationship] were never realized and that they therefore must have constituted fraud." <u>Abt Assocs. v. JHPIEGO Corp</u>., 104 F. Supp.2d 523, 537 (D. Md. 2000), <u>aff'd</u>, 9 Fed.Appx 172, 2001 WL 523376 (4th Cir. 2001); <u>see also</u> <u>JKC Holding Co. LLC v. Washington Sports Ventures</u>, 264 F.3d 459, 469 (4th Cir. 2001)(stating that opinions and predictions of what a party might hope or anticipate will happen are not statements of material facts that can sustain an action for fraud); <u>Miller v. Fairchild Indus., Inc</u>, 97 Md. App. 324, 342, 629 A.2d 1293 (1993), <u>cert</u>. <u>denied</u>, 333 Md. 172, 634 A.2d 46 (1993).  As demonstrated by Mr. Callnin's own testimony, at the June 6, 2000 meeting referenced in the Counterclaim Sagent and Micros personnel generally expressed enthusiasm and confidence concerning their future business relationship.  Such statements cannot from the basis for a fraud claim under Maryland law simply because that mutual expectation never came to fruition.  .

    Finally, Micros' fraud claim should be dismissed because there is no evidence that Sagent

---

[3]  Mr. Callnin does not recall attending a meeting with Sagent personnel on May 10, 2000.  Callnin Tr. (Exhibit B) at 78.

made the alleged statements with an intent to deceive Micros, an element required to sustain a *prima facie* case of fraud under Maryland law. See Edell & Assocs. v. Law Office of Peter Angelos, 106 F. Supp.2d 790, 797 (D.Md. 2000), aff'd in part, vacated in part, 264 F.3d 424 (4th Cir. 2001); Nails v. S&R, Inc., 334 Md. 398, 415, 639 A.2d 660 (1994).  In this context, the "intent to deceive" requirement has been construed to require evidence of conduct motivated by dishonesty, corruption or immorality. See Ellerin v. Fairfax Sav., F.S.B., 337 Md. 216, 652 A.2d 1117 (1995).  The record is devoid of any evidence that Sagent's conduct was motivated by any of these factors.

C.    Count II of Micros' Counterclaim (Negligent Misrepresentation)
       Should Be Dismissed Because Sagent Owed No Duty to Micros.

Count II of Micros' Counterclaim purports to set forth a cause of action for negligent misrepresentation.  Such a claim may be sustained only when one party owes a duty of care to the party asserting the claim. Martens Chevrolet, Inc. v. Seney, 292 Md. 328, 337, 439 A.2d 534 (1982). Count II of the Counterclaim should be dismissed because Sagent owed no duty to Micros.  Under Maryland law, a negligent misrepresentation claim may be maintained only where there is an "intimate nexus" between the parties. 21st Century Properties Co. v. Carpenter Insulation & Coatings Co., 694 F. Supp. 148, 153 (D. Md. 1988).  However, it is clear under Maryland law that arms length negotiations between representatives of commercial business entities do not constitute such a nexus. Flow Indus., Inc. v. Fields Constr. Co., 683 F. Supp. 527 (D. Md. 1988); 21st Century Properties, 694 F. Supp. at 154.  Accordingly, Count II of the Counterclaim should be dismissed.

D.    Count III of the Counterclaim Should Be Dismissed Because
       Maryland Law Does Not Recognize a Cause of Action for Breach of
       a Covenant of Good Faith and Fair Dealing.

Count III of Micros' Counterclaim purports to set forth a cause of action for breach of a covenant of good faith and fair dealing.  This Court and Maryland state courts have persistently

refused to recognize a separate cause of action for an alleged breach of this duty.  See Howard Oaks,

Inc. v. Maryland Nat'l Bank , 810 F. Supp 674, 677 (D. Md. 1993); Baker v. Sun Co., Inc., 985 F.

Supp. 609, 610 (D. Md. 1997); Parker v. Columbia Bank, 91 Md. App. 346, 604 A.2d 521 (1992),

cert. denied, 327 Md. 524, 610 A.2d 796 (1992).  Accordingly, Count III of the Counterclaim should

be dismissed for failure to state a cause of action upon which relief can be granted, pursuant to Fed.

R. Civ. Proc. 12(b)(6).

> E.    Dismissal of Counts II, III and IV of the Counterclaim Is Compelled
> If the Court Grants Sagent's Motion In Limine to Exclude Parol
> Evidence.

As noted above, in its Counterclaim Micros alleges that at meetings with Micros personnel

on May 10, 2000 and June 6, 2000 Sagent personnel represented, *inter alia*, that Sagent would work

with Micros to serve mutual customers, identify end users to whom Micros could resell the software

and that Micros could return the software to Sagent for a full refund if it could not resell it.

Counterclaim at ¶¶6, 7.  These allegations are repeated, realleged and incorporated into Counts II,

III and IV of the Counterclaim.  Id. at ¶¶20, 27, 37, 55.  In a separate pleading Sagent has moved in

limine to exclude parol evidence of these alleged oral representations.  To the extent that Counts II,

III and IV of Micros' Counterclaim are predicated upon the alleged oral representations reflected in

¶¶6 and 7 of the Counterclaim, those counts must be dismissed if the Court grants Sagent's Motion

In Limine to Exclude Parol Evidence as Micros will be left with no evidence to support the

allegations set forth therein.

III.    CONCLUSION

Counts II, III and IV of Micros' Counterclaim relate to and arise from a contract between the

parties which contains a choice of law/choice of forum provision that dictates that any actions related

to the contract be brought in Santa Clara County California and decided under California law. As such, Counts II, III and IV of the Counterclaim are not appropriately venued in this Court. Additionally, dismissal of these counts of the Counterclaim would streamline disposition of this case as Sagent's underlying breach of contract claim will be decided under Maryland law. Counts II, III and IV of the Counterclaim should therefore be dismissed.

Summary judgment should be entered in favor of Sagent as to Count I of the Counterclaim (Fraud) because the statements cited in support of that claim cannot serves as a predicate for a fraud claim under Maryland law and there is no evidence that Sagent acted with the requisite intent to deceive Micros.

Count II of the Counterclaim (Negligent Misrepresentation) should be dismissed because Sagent owed no duty to Micros.

Count III of the Counterclaim should be dismissed because Maryland law does not recognize a separate cause of action for breach of a covenant of good faith and fair dealing.

Respectfully submitted,


*/s/Scott H. Phillips*
Scott H. Phillips, #013244
SEMMES, BOWEN & SEMMES
250 W. Pratt Street
Baltimore, Maryland 21201
(410) 539-5040

Counsel for Sagent Technology, Inc.


## NOTICE OF SERVICE

I HEREBY CERTIFY that on this 27th day of March, 2003, a copy of the foregoing Memorandum of Law in Support of Sagent Technology, Inc.'s Motion to Dismiss Counterclaim or, Alternatively, for Summary Judgment was filed and served electronically on all counsel of record.


*/s/Scott H. Phillips*
Scott H. Phillips

(B0328066.WPD;1)