IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SAGENT TECHNOLOGY, INC. | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. JFM-02-2505 |
| MICROS SYSTEMS, INC., et al | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF
SAGENT TECHNOLOGY, INC.'S
<u>MOTION IN LIMINE TO EXCLUDE PAROL EVIDENCE</u>**

Sagent Technology, Inc. ("Sagent"), by and through undersigned counsel, hereby submits this Memorandum of Law in support of its Motion In Limine to Exclude Parol Evidence. Based on the defenses and allegations raised by Defendant Micros Systems, Inc. ("Micros"), as well as the discovery pursued in this case, it is anticipated that Micros will attempt to offer at trial parol evidence of verbal statements allegedly made by Sagent representatives that contradict or attempt to add inconsistent terms to the contract between the parties. Specifically, it is anticipated that Micros will attempt to offer at trial evidence that Sagent agreed to accept for a full refund the return of the software which Micros had contracted to purchased from Sagent if Micros was unable to resell or otherwise use it. Such parol evidence is inadmissible to contradict, explain or supplement the clear and unambiguous terms of the contract between Sagent and Micros.

I.   <u>BACKGROUND</u>

On or about June 30, 2000 Micros entered into a written contract with Sagent in which it agreed to purchase from Sagent software and related maintenance services for $136,000. The terms of the written contact between the parties are clear and unambiguous in that they reflect the

products and services that were the subject of the sale, the sale price, the date of the sale, the date by which payment was due, the entity and address to which the products were to be delivered, and the express approval of the contemplated sale by Peter J. Rogers, Jr., Vice President of Business Development and Investor Relations at Micros, who signed the contract. However, based on defenses Micros has raised in response to the Complaint and the nature of Micros' discovery responses, it is anticipated that Micros will attempt to offer at trial prohibited parol evidence that Sagent agreed to accept for a full refund the return of the software which Micros had conrtacted to purchased from Sagent if Micros was unable to resell it. Sagent denies that the alleged representations were ever made and submits that even if made the representations attempt to add inconsistent terms to the writing intended to be the complete and exclusive statement of all of the terms of the contract between the parties, in violation of the parol evidence rule.

II.     ARGUMENT

The record is clear that on or about June 30, 2000 Peter J. Rogers, Jr., Vice President of Business Development and Investor Relations at Micros, personally signed and approved a price quote that Sagent had submitted previously to Micros. That price quote contemplated the sale to Micros of one Data Access Server and an analytical calculator for $112,000 and related maintenance and support for $24,000, bringing the total value of the contemplated sale to $136,000. It is also clear that on or about June 30, 2000, Mr. Rogers -- in his own handwriting -- added the word "approved" just above his signature on the price quote, added his job title, and dated it. See Exhibit A hereto; see also Deposition Transcript of Peter J. Rogers, Jr., ("Rogers Tr."), Exhibit B hereto, at 21. That same day Mr. Rogers sent to Sagent a Purchase Order to consummate Micros' acquisition of the products and services reflected in Sagent's price quote,

attaching the price quote to that Purchase Order. See Exhibit A hereto; see also Rogers Tr. (Exhibit B) at 18-19. There is no contention by Micros that Sagent failed to deliver the software that Micros had contracted to purchase or that the software was other than what it had ordered. Rogers Tr. (Exhibit B) at 43-44; Deposition of Scott Callnin[1] ("Callnin Tr."), Exhibit C hereto, at 57. Nor does Micros contend that it has paid Sagent any portion of the contract price. Rogers Tr. (Exhibit B) at 21-22; Callnin Tr. (Exhibit C) at 27.

As noted above, Peter Rogers and Scott Callnin served as the primary contact persons for Micros with respect to its contract to purchase this software from Sagent. Both gentlemen have been deposed and, based on their deposition testimony and Micros' Answers to Interrogatories, it is anticipated that Micros will attempt to offer at trial parol evidence of verbal statements allegedly made by Sagent representatives that contradict or inappropriately attempt to add terms which are inconsistent with those of the clear and unambiguous terms of the contract between the parties. For instance, Mr. Rogers has testified that he and Scott Callnin met with various Sagent representatives on May 10, 2000 and June 6, 2000 to discuss the terms of the contemplated contract for the sale of software to Micros by Sagent. Mr. Callnin has testified that one or more of the Sagent representatives who attended the June 6, 2000 meeting stated that once Sagent had sold the software to Micros Sagent would help Micros resell the software to other buyers. Callnin Tr. (Exhibit C) at 26-27.[2] Mr. Rogers goes even further, testifying that in the June 6,

---

[1] Scott Callnin is employed by Micros and served as the principal contact for Micros with respect to Micros' contract for the purchase from Sagent of the software which is at issue in this case.

[2] Although Mr. Callnin recalls attending the June 6, 2000 meeting, he has no recollection of attending a meeting with Sagent representatives on May 10, 2000. Callnin Tr. (Exhibit C) at 78-79.

2000 meeting Sagent agreed to accept the return of the software from Micros for a full refund if Micros could not resell the licenses. Rogers Tr. (Exhibit B) at 14. This same notion of verbal representations of a "full refund" option allegedly made by Sagent personnel is seen in Micros' Answers to Interrogatories and its Counterclaim. See Micros' Answer to Interrogatory No. 12 (Exhibit D hereto) and Counterclaim at ¶¶6, 15, 18.

Although Mr. Rogers characterized Sagent's alleged agreement to accept the software from Micros in return for a full refund as an "important" concession, he admits that he is aware of not a single document -- to or from either Sagent or Micros -- that reflects this alleged component of the contract between the parties. Rogers Tr. (Exhibit B) at 32, 49. Similarly, Mr. Callnin was aware of no such document. Callnin Tr. (Exhibit C) at 68-71. It is, of course, indisputable that this alleged concession appears nowhere on the face of the contract between the parties. See Exhibit A. Therefore, Micros must resort to parol evidence to attempt to establish that Sagent allegedly agreed to accept the software from Micros in return for a full refund if Micros could not resell it.

    A.    The Parol Evidence Rule Bars Extrinsic Evidence of Terms Inconsistent With Those of the Written Contract Between the Parties.

As the contract between Sagent and Micros contemplated the sale of both goods (software) and services (maintenance and support), Maryland law applies the "predominant purpose" test to determine whether the contract is governed by Maryland's Uniform Commercial Code ("UCC"). See Burton v. Artery Co., 279 Md. 94, 367 A.2d 935 (1977); Kirby v. Chrysler Corp., 554 F. Supp. 743 (D. Md. 1982); Snyder v. Greenbaum & Assocs., 38 Md. App. 144, 380 A.2d 618 (1977). Sagent submits that it is clear that the central thrust of the contract at issue is

the sale of the software and that the provision of maintenance and service is merely incidental to that sale. Evidence of this is seen in the fact that the value of the sale of the software is $112,000 and that of the related maintenance and support is only $24,000. See Exhibit A. Therefore, Sagent submits that the UCC governs the contract.[3]

Under Maryland's UCC, the parol evidence rule operates to bar evidence that contradicts the express terms of a written contract or that seeks to add inconsistent terms to that contract, if the court finds the written contract "to have been intended .... as a complete and exclusive statement of the terms of the agreement." Md. Code Ann. Com. Law I § 2-202(b). The parol evidence rule is codified at § 2-202 of the UCC. It reads:

> Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented
>
> (a) By course of dealing or usage of trade (§ 1-205) or by course of performance (§ 2-208); and

---

[3] Several courts have held that computer software constitutes "goods" within the meaning of the UCC when the software code exists on a disc or other medium that is tangible and moveable at the time of the sale. Advent Sys. Ltd. v. Unisys Corp., 925 F.2d 670, 675 (3rd Cir. 1991); Delorise Brown, Inc. v. Allio, 86 Ohio. App. 3d 359, 362, 620 N.E.2d 1020, 1021 (1993); see also Md. Code Ann. Com. Law I § 2-105(1) (2003) (defining "goods" as "all things .... which are movable at the time of identification to the contract ...."). The software at issue in the case at bar was housed on such a disc. Callnin Tr. (Exhibit C) at 59.

> (b) By evidence of <u>consistent</u> additional terms
> <u>unless the court finds the writing to have been
> intended also as a complete and exclusive statement
> of the terms of the agreement</u>.

Md. Code Ann. Com. Law I § 2-202 (emphasis added).

> B. Any Alleged Agreement That Micros Could Return the Software to Sagent for a Full Refund Is of Such Import That It Would Have Been Reflected in the Written Contract Had the Parties Agreed to It; As the Written Contract Reflects No Such Agreement, Parol Evidence of the Existence of Any Such Agreement Is Not Admissible Under the "Consistent Additional" Terms Exception to the Parol Evidence Rule.

It is clear that the verbal representations that Micros alleges were made by Sagent personnel seek to add additional terms to the contract between the parties that do not otherwise appear in <u>any</u> document, let alone the contract between the parties. Although the UCC allows "consistent additional" terms to be admitted to explain or supplement the terms of a written contract, such terms must be consistent with the terms of the written contract and are barred if the court finds the written contract to have been intended as a "complete and exclusive statement of the terms of the agreement." Md. Code Ann. Com. Law I § 2-202(b).

In <u>Snyder v. Greenbaum & Assocs., Inc.</u>, 38 Md. App. 144, 380 A.2d 618 (1977), the Court of Special Appeals of Maryland considered the admissibility of parol evidence under the "consistent additional" terms exception to the parol evidence rule. In determining that the parol evidence offered in that case was not consistent with the written contract the <u>Snyder</u> court concluded that the parol evidence offered was of such significance that it would have been included in the written contract had the parties agreed upon it. <u>Id</u>. at 151-52. That it was not so included led the court to conclude that there was no such agreement, that the parol evidence was therefore inconsistent with the contract, and therefore, had been properly kept from the trier of

fact by the trial judge.  Id. at 152.

The Snyder court considered Snyder's contention that the trial court refused to admit into evidence documents which, he argued, would have demonstrated a prior course of dealing or oral agreement between the parties that was consistent with an agreement not reflected in the written contract between the parties.  In Snyder, Greenbaum had contracted with Snyder to supply and install all of the carpeting needed for 228 apartments Snyder was constructing.  Id. at 146.  Although the written contract included no provision empowering either party to unilaterally cancel the contract, Snyder did just that.  Id.  Thereafter, Greenbaum brought a breach of contract action.  During the trial, Snyder offered into evidence five documents that, he contended, demonstrated a prior course of dealing between the parties whereby either party could unilaterally modify or cancel any contract between them.  Id. at 149.  The trial court, relying on the parol evidence rule, refused to admit these documents into evidence and the jury subsequently returned a verdict in favor of Greenbaum.  Id. at 147, 149.

Snyder appealed from the verdict, arguing, *inter alia*, that the trial court erred in refusing to admit the documents into evidence.  The appellate court concluded as a preliminary matter that the UCC applied as the contract in question was one for the sale of goods.[4]  Id. at 147.  The court then considered whether the proffered documents were admissible under § 2-202(b) of the UCC, admitting parol evidence of  "consistent additional terms."  The court concluded they were not and relied upon Comment 3 of the Official Comment to § 2-202 to explain its rationale.  Id. at

---

[4] The Snyder court acknowledged that although the contract contemplated the provision of services – the installation of the carpet – in addition to the sale of "goods" (the carpet), its "primary thrust" was for the sale of the carpet, not the installation.  Id. at 147-48.  Under Burton v. Artery Co., 279 Md. 94, 367 A.2d 935 (1977), the court concluded the UCC applied to the contract.  Id.

151. That Comment reads:

> If the additional terms are such that, if agreed upon, they would certainly have been included in the document in the view of the court, then evidence of their alleged making must be kept from the jury.

UCC § 2-202 cmt. 3 (2003)  The court opined that an agreement that either party could unilaterally cancel the contract is so significant that it surely would have been reflected in the written contract had the parties agreed to it.  <u>Snyder</u>, 38 Md. App. at 151-52.  The court concluded, therefore, that the parol evidence Snyder sought to introduce was inconsistent with the written contract, which was intended to be a complete and exclusive statement of the terms of the contract between the parties.  <u>Id</u>. at 152.  The court concluded that the additional evidence offered at trial by Snyder had been properly excluded by the trial judge.  <u>Id</u>.

As noted above, in the case at bar there is absolutely no evidence – or even a contention – that the notion that Sagent would accept the software in return for a full refund to Micros under *any* circumstances is reflected in either Sagent's price quote to Micros or Micros' Purchase Order to Sagent, the documents which constitute the contract between the parties.  This omission is striking in light of Mr. Rogers' testimony that this alleged concession by Sagent was "important" to Micros.  Rogers Tr. (Exhibit B) at 18.  Sagent submits that it is also very telling that not a single representative of Micros -- before, during or after negotiation of the terms of the contract -- ever confirmed in writing -- even internally -- that Sagent had made this "important" concession.  Although Mr. Rogers took notes on the May 10, 2000 and June 6, 2000 meetings with Sagent -- where Sagent is alleged to have made this "important" concession – those notes fail to make even a single reference to the alleged concession.  Rogers Tr. (Exhibit B) at 51-52, 55-58.  Sagent submits that any alleged agreement between the parties that Micros could return

the software to Sagent for a full refund if it was unable to resell the software is a term of such import that it would have been included in the written contract between the parties, or in documentation generated prior to or after the contract was negotiated, had the parties agreed to it. The evidence is clear that this alleged agreement is reflected nowhere in writing and, as such, Sagent submits that this parol evidence is inconsistent with the terms of the written contract and is therefore inadmissible under UCC § 2-202(b).

      C.      The Anticipated Parol Evidence Is Inadmissible to Explain a Prior "Course of Dealing" Between the Parties.

The Snyder court also addressed the question of whether the documents offered at trial were admissible under that provision of the UCC admitting parol evidence to explain or supplement a course of dealing between the parties, UCC § 2-202(a)). The court referred to the statutory definition of the term "course of dealing," which reads:

> [A] sequence of previous conduct between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct.

Md. Code Ann. Com. Law I § 1-205(1) (emphasis added); see also Audio Visual Assoc., Inc. v. Sharp Elec. Corp., 210 F.3d 254, 260 (4th Cir. 2000). The Snyder court concluded that the documents offered into evidence by Snyder did not serve to interpret any provision in the contract, rather they intended to add to the terms of the contract, and therefore were not admissible under the "course of dealing" theory. Snyder, 38 Md. App. at 151.

For the reasons set forth in Snyder, parol evidence of alleged representations by Sagent that it would accept the software in return for a full refund to Micros is inadmissible to explain or supplement a "course of dealing" between the parties, under § 2-202(a) of the UCC. The Snyder

court rejected this theory of admissibility by noting that an interpretive component is inherent to the definition of "course of dealing" under § 1-205(1) of the UCC. <u>Snyder</u>, 38 Md. App. at 150. In this regard, the court observed, "The import of § 1-205(1) is that 'course of dealing' is an <u>interpretive</u> device to give meaning to the words of an agreement." <u>Id</u>. (emphasis added). The court concluded that the parol evidence offered by Snyder in that case did not serve to <u>interpret</u> any provision of the written contract, but sought to <u>add</u> additional terms to that contract, and was therefore inadmissible under § 2-202(a) of the UCC. <u>Id.</u> at 151.

  Sagent submits that the same reasoning compels the same conclusion in the case at bar. The parol evidence that may be offered at trial by Micros seeks not interpret any provision of the contract it entered into with Sagent, rather it seeks to add to that contract a term which is not otherwise reflected in the written contract (or anywhere else in writing). There is absolutely no provision of the contract which even hints at the suggestion that Sagent agreed to accept the software in return for a full refund to Micros under any circumstances. Moreover, the record is devoid of any evidence that the notion of a "full refund" was part of any previous contracts between the parties. Parol evidence that Sagent representatives allegedly made statements to this effect, therefore, are interpretive of nothing, but seek to add additional, inconsistent terms to the contract. Under the <u>Snyder</u> holding, parol evidence of such inconsistent terms is inadmissible.

      D.    <u>Any Modification to the Contract That Micros Alleges the Parties Had Agreed to Must Be in Writing</u>.

As a contract for the sale of goods in excess of $500, the contract between Sagent and Micros must satisfy the statute of frauds. Md. Code Ann. Com. Law I § 2-201(1). As reflected in Exhibit A hereto, the contract is in writing, is signed by Peter Rogers, a Vice President of Micros, and therefore satisfies the statute of frauds. However, the UCC also requires that any modification to a contract subject to the statute of frauds also be set forth in writing. <u>Id</u>. at § 2-209(3) and Official Comment 3 thereto. ("'Modification' for the future cannot therefore be conjured up by oral testimony if the price involved is $500.00 or more <u>since such modification must be shown at least by an authenticated memo</u>.")(emphasis added); <u>see also id</u>. at § 2-326(3) (any agreement that delivered goods -- even though they conform to the contract – may be returned by the seller <u>must be in writing</u>)(emphasis added). As discussed above, there is not a single writing of any type that reflects that the parties ever discussed – let alone reached agreement on – the notion that Sagent would accept the software in return for a full refund if Micros could not resell it. As such, any attempt by Micros to infer such an agreement is barred by the statute of frauds.

III.    <u>CONCLUSION</u>

It is anticipated that Micros may offer at trial parol evidence that representatives of Sagent allegedly stated that Sagent would be willing to accept in return for a full refund to Micros the software which is the subject of the contract between the parties if Micros was unable to resell or otherwise use that software. Sagent denies that any such representation was ever made. The alleged representation does not appear on the face of the written contract between Sagent and Micros and not a single document reflects that this alleged representation was ever

discussed – let alone agreed to – by the parties. The parol evidence that Micros may offer at trial in this regard is inadmissible under the "consistent additional" terms exception to the parol evidence rule because it seeks to add terms that are inconsistent with those of the written contract. Additionally, the parol evidence is inadmissible to explain or supplement a "course of dealing" between the parties as it seeks not to interpret any provision of the written contract, but to add additional terms to the otherwise clear and unambiguous contract between Sagent and Micros. Finally, any modification of the contract between Sagent and Micros must be in writing to satisfy the statute of frauds. No such writing is even alleged to exist and any effort to infer that Sagent had agreed to accept the software in return for a full refund if Micros could not resell it is barred by the statute of frauds.

For the foregoing reasons, Sagent Technology, Inc. respectfully requests that the Court enter an Order prohibiting Micros Systems, Inc. from offering into evidence at trial, or otherwise making reference to, any oral statements allegedly made by Sagent representatives that Sagent had agreed to accept the software from Micros in return for a full refund if Micros was unable to resell or otherwise use the software.

Respectfully submitted,

*Scott H. Phillips*
Scott H. Phillips, #013244
SEMMES, BOWEN & SEMMES
250 W. Pratt Street
Baltimore, Maryland 21201
(410) 539-5040

Counsel for Sagent Technology, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of March, 2003, a copy of the foregoing Memorandum of Law in Support of Sagent Technology, Inc.'s Motion In Limine to Exclude Parol Evidence was filed and served electronically on all counsel of record.

*Scott H. Phillips*
Scott H. Phillips

(B0328395.WPD;1)