IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SAGENT TECHNOLOGY, INC.          *

   Plaintiff                              *

   v.                                         *     Case No. JFM-02-2505

MICROS SYSTEMS, INC.              *

   Defendant                           *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MICROS SYSTEMS, INC.'S ANSWERS TO SAGENT TECHNOLOGY, INC'S INTERROGATORIES

Defendant MICROS Systems, Inc. ("MICROS"), by and through counsel, makes the following answers to the Interrogatories propounded by plaintiff Sagent Technology, Inc. ("Sagent").

The word usage and sentence structure is that of the attorney and does not purport to be the exact language of the executing party. MICROS objects to the interrogatories and the instructions and definitions accompanying them to the extent that they attempt to broaden the scope of the responding party's obligations beyond the requirements of the Federal Rules of Civil Procedure and the local rules of the U.S. District Court for the District of Maryland. MICROS further objects to the instructions and definitions as overly broad, ambiguous, too numerous, and beyond the scope and numeric limitations of permissible discovery. MICROS has answered the interrogatories with their plain meaning as if it had not read the instructions and definitions. MICROS objects to all interrogatories to the extent that they request information protected by the attorney-client,



EXHIBIT D

12. State the date of each "discussion" referenced in Paragraph 6 of your counterclaim, identify each person participating in each discussion and describe the substance of what each person said in each discussion.

Answer to #12. The discussions included the meetings identified in paragraph 7 of the counterclaim. Personnel present at the meetings included Peter Rogers, Scott Callnin, Gene Garrett, Dan VanVeelen, and a Sagent senior vice president of sales. The Sagent personnel present at the meetings, speaking on behalf of Sagent, represented that that Sagent was offering very deep discounts to MICROS to encourage MICROS to make purchases because Sagent was aggressively seeking additional sales within the quarter ending June 30 in light of Sagent's poor financial performance in that quarter and in recent quarters, that Sagent and MICROS would work together to serve mutual customers, that Sagent would provide complete assistance in identifying end users to whom MICROS could relicense or resell the software, and that MICROS could return the licensed software later for full refund if it were neither used nor resold.

13. Identify all persons who participated in the May 10, 2000 and June 6, 2000 meetings referenced in Paragraph 7 of your counterclaim and state whether you have in your possession, custody or control any document related to either meeting, including but not limited notes, correspondence, minutes and agendas. If so, identify the person(s) in possession, custody or control of such documents.

Answer to #13. See MICROS's response to interrogatory number 12. To MICROS's knowledge, MICROS has no documents of the type described in the interrogatory.

I, Peter J. Rogers, Jr., Vice President, Investor Relations, of MICROS Systems, Inc. have and am duly authorized to execute these Answers to Interrogatories under oath on behalf of MICROS Systems, Inc. The information set forth in these Answers was collected by others, and is not necessarily within my personal knowledge. Under penalty of perjury I, on behalf of MICROS Systems, Inc., hereby affirm that the contents of the foregoing answers are true and correct to the best of my knowledge, information, and belief.

MICROS Systems, Inc.

By: _____  12/11/02
Peter J. Rogers, Jr., Vice President, Investor Relations

Michael H. Tow, Bar No. 12042
MICROS Systems, Inc.
7031 Columbia Gateway Drive
Columbia, MD 21046-2289
(443) 285-8052 (tel)
(443) 285-0466 (fax)

Counsel for MICROS Systems, Inc.