IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SAGENT TECHNOLOGY, INC.              *

    Plaintiff                        *

    v.                               *        Case No. JFM-02-2505

MICROS SYSTEMS, INC.                 *

    Defendant                        *

    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, MICROS Systems, Inc. ("MICROS"), by counsel, pursuant to Fed. R. Civ. P. 56, files this motion for summary judgment with respect to the complaint filed by Sagent Technology, Inc. ("Sagent").

As detailed below, MICROS is entitled to summary judgment in its favor on Sagent's complaint because (1) the undisputed facts indicate that the alleged contract forming the basis of Sagent's complaint is void, (2) Sagent cannot recover on its alternative theory, and (3) Sagent has failed to join parties necessary to the action.

### General Legal Standard

A court may grant a motion for summary judgment only if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex v. Catrett*, 477 U.S. 317, 322 (1986); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985). A material fact is one that constitutes an element that is essential to a party's case. *Celotex v. Catrett*, 477 U.S. at 322-23. As the Supreme Court stated in *Anderson*, ". . . the substantive law will identify which facts are material. Only

disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." 477 U.S. at 248.  A genuine issue as to a material fact exists if the evidence that the parties present to the court is sufficient to indicate the existence of a factual dispute that could be resolved in the nonmoving party's favor through trial. *See Anderson*, 477 U.S. at 248-49.  It is the non-moving party's burden to establish the existence of disputed facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986).  The evidence that the non-moving party presents to this end must be more than a "mere scintilla," *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984), more than "merely colorable," *Celotex v. Catrett*, 477 U.S. at 327, and more than "some metaphysical doubt." *Matsushita*, 475 U.S. at 586.

      1.    <u>MICROS Is Entitled To Summary Judgment On Sagent's Breach Of Contract Claim</u>.

On June 30, 2000, MICROS sent to Sagent a document indicating that MICROS wished to make a purchase of software licenses and related services from Sagent.  *See* Exhibit 1 to Rogers Dep., a copy of which is attached.  MICROS's decision to send the document was premised in part on statements made by Sagent personnel upon which MICROS relied and with which MICROS agreed, which included that Sagent and MICROS would work together to service mutual customers, and that if MICROS could not resell or otherwise use the licenses being provided in this transaction, the licenses could be returned to Sagent for a full refund, and that Sagent would help MICROS resell the licenses if MICROS was unable to do so itself.  *See* Rogers Affidavit; Rogers Dep. at 13-14; Callnin Dep. at 74-77. The statements were made at a meeting held at MICROS's headquarters on June 6, 2000, and in subsequent telephone calls between MICROS personnel and Sagent personnel, as part of Sagent's desperate effort to get MICROS to agree to a particularly large sale during a down financial period for Sagent.  *Id*.

Admittedly, Sagent disputes that the indicated statements were made at the meeting on June 6, 2000, which is a dispute that precludes summary judgment in Sagent's favor on the count. *See Van Veelen Dep.* at 53-55. However, Sagent does not and cannot present a genuine dispute that the indicated statements were made at other times after the June 6 meeting and before June 30, 2000. *See Van Veelen Dep.* at 64; *see also* Exhibit 3 to the Van Veelen deposition and Van Veelen Dep. at 18-19; Rogers Affidavit. MICROS has presented sworn testimony at deposition and an affidavit confirming the existence and content of the statements, and Sagent's sole witness has stated, under oath and in documents, that he does not know what was said in subsequent telephone calls. *Id.*

As a matter of Maryland law, a contract made as the result of material pre-contractual misrepresentations is void, regardless of whether the pre-contractual misrepresentations constitute fraud or negligent misrepresentation. *See Snyder v. Herbert Greenbaum & Assocs.*, 38 Md. App. 144, 148-49 (1977); *see also Greenfield v. Heckenbach*, 144 Md. App. 108, 130, 138 (2002). Misrepresentations are material if the other party justifiably relied upon them and would not have entered into the contract but for the statements. *See* Rogers Affidavit. At this stage, it is unnecessary and inappropriate for the Court to determine whether the statements were made with the intent requisite for a claim in fraud (as MICROS has alleged in count 1 of the counterclaim) or with the intent appropriate to a negligent misrepresentation claim (as MICROS has alleged in count 2 of the counterclaim), because determination of state of mind is rarely appropriate on summary judgment. *See, e.g.*, *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979). However, once the undisputed facts indicate that the pre-contractual material misrepresentations were made, and that the other party relied upon them in entering into the contract, the contract is then void, *e.g.*, *Snyder*, 38 Md. App. at 148-49, and the party who relied on the misrepresentations is entitled to judgment in its favor on a claim that it breached the contract.

In this case, the undisputed facts include that Sagent made material misrepresentations before June 30 upon which MICROS relied and which became part of the contract, and which reflected obligations that Sagent failed to fulfill. The contract was thus void, and so MICROS is entitled to summary judgment in its favor on count 1 of the complaint. While, at trial, MICROS will need to present the evidence necessary for the trier of fact to make a determination whether the statements were fraudulent or merely negligent misrepresentations in deciding on MICROS's counterclaim, this does not preclude entry of summary judgment in MICROS's favor with respect to Sagent's claim, in that it is clear as a matter of fact and law that MICROS cannot be liable for breaching a void contract.[1]

    2.    <u>MICROS Is Entitled To Summary Judgment In Its Favor On Count 2 Of The Complaint</u>.

Count 2 of the Complaint is captioned "Common Counts," and consists primarily of a single paragraph that alleges a claim on a quasi-contractual theory of recovery. It is a type of cause of action particular to California (where this action was originally filed), and so, consistent with case law under section 1404, its viability may be analyzed under California law. *See generally Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964). The order issued by the Northern District of California granting transfer in this action indicated that the principal document at issue would be subject to Maryland law as a result of application of California's choice of law principles, which is consistent with *Van Dusen*, *supra*. The order does not specifically reference the "Common Counts" claim, and, given that it is a cause of action not specifically recognized in Maryland, an analysis of California law is probably appropriate.[2]

---

[1] As a related point, MICROS would also contend that, when the alleged contract is read to include all of the terms of the parties' agreements, MICROS indisputably did not breach the contract. MICROS received the software, was unable to find a customer for it, and returned the software to Sagent. MICROS's obligation to pay was contingent upon MICROS finding a customer (or Sagent assisting MICROS in procuring a customer). As neither contingency occurred, MICROS's obligation to pay never ripened.

[2] To the extent that Maryland law should apply, MICROS would be entitled to summary judgment in its favor on Count 2 for two reasons: first, that it is not a recognized cause of action in Maryland, and, second, that the Maryland authorities are

A.    <u>Because the contract claim fails, the common counts claim fails, too</u>.

Sagent's Common Counts claim incorporates all of the allegations of the preceding paragraphs, including the allegations that there was an express contract between the parties.  *See* Complaint at ¶ 12.  However, a plaintiff cannot recover under a common counts theory if it cannot also recover under the express contract between the parties, at least when the subject of the common counts claim is essentially the same transaction as is covered by the express contract.  *See, e.g.*, *Hedging Concepts, Inc. v. First Alliance Mortgage Co.*, 41 Cal.App.4th 1410, 1419 (1996).  A common count does not lie to enforce an express contract.  *E.g.*, *Ferro v. Citizens Nat. Trust & Sav. Bk.*, 44 Cal.2d 401, 409, 282 P.2d 849 (1955); *Lloyd v. Williams,* 227 Cal. App. 2d 646, 648-649, 38 Cal. Rptr. 849 (1964).  Sagent's Common Counts claim is premised on the same transaction that Sagent contends is covered by an express contract – the software licensing arrangement on June 30, 2000.  Because Sagent's claim is essentially to enforce what it deems to be an express written contract between the parties, and because MICROS is entitled to summary judgment with respect to that claim, MICROS is consequently entitled to summary judgment on the Common Counts claims arising out of the same transaction.

B.    MICROS and Sagent did not have an open book account or an account stated with <u>respect to the transaction at issue</u>.

i.    <u>There was no open book account.</u>

In its Common Counts claim, Sagent alleges that MICROS owes it money on an "open book account."  Under California law, a "book account" is:

> a detailed statement that constitutes the principal record of one or more transactions between a debtor and a creditor arising out of a contract or some fiduciary relation, and shows the debits and credits in connection therewith, and against whom and in favor of whom entries are made, is entered in the regular course of business as conducted by such

---

consistent with the California authorities cited below in denying actions in quasi-contract when an express contract exists.  *See, e.g.*, *Caroline County v. J. Roland Dashiell & Sons, Inc.*, 358 Md. 83 (2000).

creditor or fiduciary, and is kept in a reasonably permanent form and manner and is (1) in a bound book, or (2) on a sheet or sheets fastened in a book or to backing but detachable therefrom, or (3) on a card or cards of a permanent character, or is kept in any other reasonably permanent form and manner.

Cal. Civ. Proc. Code § 337a.

A book account may be the basis for an action on a common count when it contains a sufficiently complete statement of the debits and credits of the transactions involved to demonstrate the net amount owed to the claimant. *Tillson v. Peters*, 41 Cal.App.2d 671, 678, 107 P.2d 434 (1940). A book account is "open" when the debtor has made some payment on the account, leaving a balance due. *Id.* In deciding whether a book account exists, the court must examine the agreement, or lack of agreement, between the parties and their conduct in the context of their commercial dealing. The mere incidental keeping of accounts does not alone create a book account. *See, e.g.*, *H. Russell Taylor's Fire Prevention Services, Inc. v. Coca Cola Bottling Corp.*, 99 Cal.App.3d 711, 728, 160 Cal. Rptr. 411 (1979); *see also Maggio, Inc. v. Neal*, 196 Cal.App.3d 745, 752, 241 Cal.Rptr. 883 (1987).

Sagent has made clear its view that the instant transaction was not part of the Joint Intellectual Property Agreement entered into by the parties in 1999. *See, e.g.*, Sagent's Reply to MICROS's Opposition to Motion to Dismiss, section C. Neither the text of the Conditional Purchase Order nor any of the oral understandings that were part of the parties' agreement with respect to the instant transaction contain or indicate any evidence of an agreement between the parties that the instant transaction would be carried as a book account. Indeed, the parties' conduct does not reflect that an open book account would be created on this transaction – Sagent contemplated that MICROS would be invoiced and pay for the transaction all at one time. There is no indication in the record that MICROS made part payments toward amounts claimed by Sagent under the Conditional Purchase Order (and, as discussed elsewhere herein, MICROS was not obligated to do so until an end-user customer was found). On this

basis, the Court may find that there is insufficient evidence to support the existence of an open book account, *Maggio*, 196 Cal.App.3d at 752, and grant summary judgment in MICROS's favor on count 2.

ii.    <u>There was no account stated</u>.

Also in its Common Counts claim, Sagent alleges that MICROS owes it money on an "account stated." Under California precedent, there was no "account stated" in this matter either.

Under California law, an account stated is "an agreement, based on prior transactions between the parties, that all items of the account are true and that the balance struck is due and owing from one party to the other." *Trafton v. Youngblood*, 69 Cal.2d 17, 25, 69 Cal. Rptr. 568, 442 P.2d 648 (1968) (citations omitted). To establish an account stated, "[i]t must appear that at the time of the statement an indebtedness from one party to other existed, that a balance was then struck and agreed to be the correct sum owing from the debtor to the creditor, and that the debtor expressly or impliedly promised to pay to the creditor the amount thus determined to be owing." *H. Russell Taylor's Fire Protection Serv., Inc. v. Coca Cola Bottling Corp.,* 99 Cal. App. 3d 711, 726-727, 160 Cal. Rptr. 411 (1979). The key element in every case is "agreement on the final balance due." *Maggio Inc. v. Neal*, 196 Cal. App. 3d 745, 752-753, 241 Cal. Rptr. 883 (1987) (citations omitted).

In this case, there was no agreement on the final balance due. Mr. Callnin testified that as of October 2001 he was satisfied with the reduction in the invoice value to $112,000, but that he was not authorized to compel MICROS to pay the invoice; only Peter Rogers or Mr. Rogers' superiors could do so. *See* Callnin Dep. at 35-36. Mr. Rogers testified that the first time he had heard of the reduction in amount claimed was during Mr. Callnin's deposition. *See* Rogers Dep. at 23-24. Mr. Rogers, however, was of the opinion at the relevant time (fall 2001) that the license should have been returned to Sagent, per the pre-June 30 understandings, for a full refund. *Id.* at 31-32. Consequently, there was at no time

7

an agreement, express or implied, between the parties as to the final balance due, particularly in light of the conditional nature of the underlying obligation. For this reason, there was no account stated, and summary judgment in MICROS's favor is appropriate on count 2.

3.     Sagent Has Failed To Join All Necessary Parties.

Sagent's complaint names MICROS and "Does 1-50" as co-defendants. The sole allegation specifically referencing "Does 1-50" is contained in paragraph 3 of the complaint, namely, that:

> Does 1-50 have misused Micros and have treated Micros as an alter ego such that, to avoid injustice, they should be held personally liable for the debts and obligations of Micros. Sagent is informed and believes that Micros has not been properly maintained, is undercapitalized, has co-mingled assets, and has transferred assets without adequate consideration such that a court should not permit limited liability for defendants.

*See* Complaint ¶ 3.

To date, Sagent has not identified any person who qualifies as a "Doe," *see* Sagent's Answers to Interrogatories, Answer to Interrogatory Number 11 (Excerpt attached); Van Veelen Dep. at 8-10, and has provided no evidence whatsoever to support its assertions in paragraph 3. *Id.* The complaint could have been struck under a motion to strike pursuant to Rule 12(f), and as a result of the presence of the "Does" in the complaint, it could have been subject to dismissal under Rule 12(b)(7). MICROS acknowledges that a motion under Rule 12(f) or 12(b)(7) would now be untimely (and therefore is not bringing a motion under either rule). Nevertheless, the complete lack of evidence in support of any allegation pertaining to a "Doe" and the completely unsupported and unsubstantiated allegations directly relating to the "Does," should warrant summary judgment in MICROS's favor on the complaint as a result thereof.

4.    **<u>Conclusion</u>**.

For the foregoing reasons, MICROS's Motion for Summary Judgment should be granted.

*Michael H. Tow*
Michael H. Tow, Bar No. 12042
 MICROS Systems, Inc.
 7031 Columbia Gateway Drive
 Columbia, MD 21046-2289
 (443) 285-8052 (tel)
 (443) 285-0466 (fax)

Counsel for MICROS Systems, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of April, 2003, a copy of the foregoing Defendant's for Summary Judgment and its accompanying exhibits was filed and served electronically on: Scott H. Phillips, Esq., Semmes Bowen & Semmes, 250 W. Pratt Street, Baltimore, MD 21201, and was mailed via first class mail, postage prepaid, to: Adron W. Beene, Esq., Law Offices of Adron W. Beene, 6472 Camden Ave, Ste 204, San Jose, CA 95120.

*Michael H. Tow*
Michael H. Tow, Bar No. 12042
MICROS Systems, Inc.
7031 Columbia Gateway Drive
Columbia, MD 21046-2289
(443) 285-8052 (tel)
(443) 285-0466 (fax)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SAGENT TECHNOLOGY, INC.            *

    Plaintiff                              *

    v.                                      *       Case No. JFM-02-2505

MICROS SYSTEMS, INC.               *

    Defendant                              *

        *    *    *    *    *    *    *    *    *    *    *

### <u>ORDER</u>

Upon consideration of Defendant's Motion for Summary Judgment, any Opposition filed thereto, any further briefing thereon, any oral argument thereon, and the grounds of the Defendant's Motion being well-taken, it is this ___ day of _____, 2003,

    **ORDERED**, that Defendant's Motion for Summary Judgment be and it hereby is **GRANTED**.

                         _____
                         Judge, United States District Court for the
                         District of Maryland