IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SAGENT TECHNOLOGY, INC. | * |
|    Plaintiff | * |
| v. | *   Case No. JFM-02-2505 |
| MICROS SYSTEMS, INC. | * |
|    Defendant | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### AFFIDAVIT OF PETER J. ROGERS, JR.

I, Peter J. Rogers, Jr., am over eighteen years of age, have personal knowledge of the facts stated herein, and am otherwise competent to testify.

1. There was a meeting held on June 6, 2000, which I attended, at which officers and employees of Sagent Technology, Inc. ("Sagent"), namely, Dan Van Veelen, Gene Garrett, and Vincent De Gennaro, made the following statements for the purpose of inducing MICROS Systems, Inc. ("MICROS") to send a purchase order for software licenses by June 30, 2000: that Sagent and MICROS would work together to service mutual customers, that, if MICROS could not resell or otherwise use the licenses that were contemplated in this transaction, the software could be returned to Sagent for a full refund, and that Sagent would help MICROS resell the licenses.

2. Mr. Garrett reiterated all of the foregoing statements during several telephone calls between him and me that occurred sometime after the meeting on June 6 and before June 30, 2000.

3. To the best of my recollection, one of those calls occurred on the afternoon of June 6.

4. MICROS sent the June 30 documents on the understanding that the acquisition was conditional upon MICROS finding a customer for the software, or, failing that, Sagent fulfilling its pre-June 30 commitments, which included accepting a return of the software for a full refund, or accepting a return of the software with a commitment to help MICROS find a customer for it.

5. Regardless, the mutual understanding and agreement of the parties was that MICROS was to pay for the software only if it had a customer for it. There was never any intention that MICROS would use the software for its own internal purposes.

6. MICROS would not have sent the June 30 documents if Sagent had not made the pre-June 30 statements indicated.

I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of this Affidavit are true.

/s/ _____
Peter J. Rogers, Jr.

STATE OF Maryland

CITY/COUNTY OF Howard, to wit:

On this 24th day of April, 2003, before me, a Notary Public in and for the state above, personally appeared Peter J. Rogers, Jr., known to me or satisfactorily proven to be the person whose name is subscribed to the within instrument, and who acknowledged that he executed the same for the purposes therein contained. In witness whereof, I hereunto set my hand and official seal.

[SEAL]

Julie A. Griffin
Notary Public

Julie A. Griffin
Printed Name of Notary Public

My Commission Expires: February 29, 2004