IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SAGENT TECHNOLOGY, INC. | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. JFM-02-2505 |
| MICROS SYSTEMS, INC., et al | * | |
| Defendants | * | |

**SAGENT TECHNOLOGY INC.'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Sagent Technology, Inc. ("Sagent"), by and through undersigned counsel, hereby opposes Micros Systems, Inc.'s ("Micros") Motion for Summary Judgment.

In order to prevail on its motion, Micros must demonstrate that there is no question of any material fact surrounding its allegation that no contract ever existed between the parties or, assuming the existence of such a contract, that Micros did not materially breach the contract. The record, of course, flatly rejects these contentions and establishes clearly that Micros contracted with Sagent on June 30, 2000 for the purchase of software and related products, that Micros performed fully its obligations under the contract, and that Micros materially breached that contract by failing to pay Sagent for the price of the contract.

    A.    <u>A Valid Contract Existed Between Sagent and Micros</u>.

In support of its contention that a contract existed between Sagent and Micros, Sagent adopts and incorporates herein by reference its Motion for Summary Judgment and its Reply to Micros' Opposition to that motion. Drawing all reasonable inferences in favor of Sagent, <u>see</u> <u>Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the record does not support the entry of summary judgment in favor of

Micros.

  B.  <u>The June 30, 2000 Contract Is Not Void</u>.

Micros contends that the pre-contractual statements allegedly made by Sagent personnel were misrepresentations that render the June 30, 2000 contract void.[1]  Motion at 3.  As set forth in its previous pleadings, and contrary to the assertions in Micros' motion, Sagent denies that these statements were ever made and has moved to exclude them as parol evidence.  <u>See</u> Sagent's Motion to Dismiss Counterclaim Or, Alternatively for Summary Judgment ("Motion to Dismiss") and Sagent's Motion In Limine to Exclude Parol Evidence.  Indeed, Micros admits that the question of whether the statements were made is, in fact, disputed by Sagent.  Motion at 3.  However, even assuming *arguendo* that this parol evidence is deemed admissible, it does not render the contract void.

As set forth in Sagent's Reply to Micros' Opposition to Motion for Summary Judgment, Micros predicates the fraud and misrepresentation counts in its Counterclaim upon this parol evidence.[2]  However, in seeking monetary damages for those claims, Micros elected its remedy and is now barred from revisiting that election in the hope of pursuing the equitable remedy of rescission of the contract.  In support of its position in this regard, Sagent adopts and incorporates herein by reference the relevant portions of its Reply to Micros' Opposition to Motion for Summary Judgment (i.e., pp. 4-6).  Moreover, as set forth in Sagent's Motion to

---

[1] In arguing that it is entitled to summary judgment as to Count 2 of the Complaint, Micros concedes that an express contract exists between the parties.  <u>See</u> Motion at 4, footnote 2.  This is obviously inconsistent with Micros' contention that the contract is void.

[2] Sagent has separately moved for dismissal of/summary judgment on all counts of Micros' Counterclaim.  <u>See</u> Sagent's Motion to Dismiss.

Dimsiss, the statements allegedly made by Sagent personnel -- even if made -- were not misrepresentations of fact, but merely expressions of enthusiasm regarding the parties' future business relationship. As such, these statements are not actionable as fraudulent or negligent misrepresentations. See Sagent's Motion to Dismiss at 4-6, adopted and incorporated herein by reference.

In summary, the pre-contractual statements cited by Micros do not render void the June 30, 2000 contract, because they are inadmissible parol evidence, are not admissible in support of a request for rescission of the contract by Micros as Micros has already elected a remedy at law, and are subject to dismissal because they are not actionable as either negligent or fraudulent misrepresentations.

    C.    Micros' Obligation to Pay Sagent for the Software It Contracted to Purchase Was Not Contingent; Micros Materially Breached the Contract When It Failed to Pay Sagent By July 30, 2000.

Micros contends that there is no question of fact that it did not breach the contract as its obligation to pay Sagent was contingent upon Micros finding a third-party to whom it could resell the software. Motion at 4, footnote 1. As Sagent has set forth its rebuttal to this contention in its Reply to Micros' Opposition to Motion for Summary Judgment, Sagent adopts and incorporates herein by reference its Reply to that Opposition. Sagent submits that the record is clear that Micros' contractual obligation to pay was absolute and not contingent upon anything, and that Micros materially breached the contract when it failed to pay Sagent by July 30, 2000, the date by which payment was due under the express terms of the contract. Accordingly, Sagent requests that Micros' Motion for Summary Judgment be denied.

    D.    Sagent's Failure to Identify "John Doe" Defendants Does Not Compel the Entry of Summary Judgment In Favor of Micros.

Micros contends that the lack of any evidence in support of any allegation pertaining to a "John Doe" defendant compels the entry of summary judgment in its favor. Motion at 8. Micros cites no authority in support of that position. Whether Sagent has produced enough evidence to sustain its claims against the "John Doe" defendants has no bearing on whether Micros has satisfied its burden in moving for summary judgment as to Sagent's breach of contract claim.

CONCLUSION

Sagent submits there is more than enough evidence in the record to establish that a valid contract existed between Sagent and Micros, that Sagent performed fully its obligations under the contract, and that Micros materially breached the contract when it failed to pay Sagent for the software it contracted to purchase. For the foregoing reasons, Sagent respectfully requests that the Court deny Micros' Motion for Summary Judgment.

Respectfully submitted,

*Scott H. Phillips*
Scott H. Phillips, #013244
SEMMES, BOWEN & SEMMES
250 W. Pratt Street
Baltimore, Maryland 21201
(410) 539-5040

Counsel for Sagent Technology, Inc.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 6th day of May, 2003, a copy of the foregoing Sagent Technology, Inc.'s Opposition to Defendant's Motion for Summary Judgment was filed and served electronically on all counsel of record.

                                         *Scott H. Phillips*
                                         Scott H. Phillips

(B0340530.WPD;1)