IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SAGENT TECHNOLOGY, INC.** | * | |
| Plaintiff | * | |
| v. | * | Case No. JFM-02-2505 |
| **MICROS SYSTEMS, INC.** | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

MICROS Systems, Inc. ("MICROS"), by counsel, files this Reply to the Opposition to the Motion for Summary Judgment ("Opposition") filed by Sagent Technology, Inc. ("Sagent").

<u>Relevant Background</u>

In its Motion for Summary Judgment ("Motion"), MICROS described the following undisputed facts:  On June 30, 2000, MICROS sent to Sagent a document indicating that MICROS wished to make a purchase of software licenses and related services from Sagent.  MICROS's decision to send the document was premised in part on statements made by Sagent personnel upon which MICROS relied and with which MICROS agreed, which included that Sagent and MICROS would work together to service mutual customers, and that if MICROS could not resell or otherwise use the licenses being provided in this transaction, the licenses could be returned to Sagent for a full refund, and that Sagent would help MICROS resell the licenses if MICROS was unable to do so itself.  The statements were made in telephone calls between MICROS personnel and Sagent personnel that occurred sometime on or after June 6, 2000, and on or before June 30, 2000, as part of Sagent's desperate effort to get MICROS

to agree to a particularly large sale during a down financial period for Sagent.[1] Each of the foregoing facts was supported by reference to deposition testimony, documents, discovery excerpts, and/or an affidavit submitted by MICROS, each of which was attached to the Motion.

From those facts, MICROS argued that it was entitled to judgment as a matter of law in its favor because: (1) the claim for breach of contract cannot stand, as the underlying alleged contract was void due to the pre-contractual material misrepresentations, (2) the facts and law do not support a claim under a California "Common Counts" theory, principally because there was neither an open book account nor an account stated between the parties, and (3) Sagent has failed to identify or join the "Doe" defendants to this action. In support of each argument, MICROS cited applicable case law and referenced the undisputed facts and other admissible evidence.

## Legal Standards

To survive a motion for summary judgment, Sagent must establish the existence of a genuine dispute of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986). A genuine issue as to a material fact exists if the evidence that the parties present to the court is sufficient to indicate the existence of a factual dispute that could be resolved in the nonmoving party's favor through trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 248-49 (1986). The evidence that Sagent must presents to this end must be more than a "mere scintilla," *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984), more than "merely colorable," *Celotex v. Catrett*, 477 U.S. 317, 327 (1986), and more than "some metaphysical doubt." *Matsushita*, 475 U.S. at 586. Sagent must present evidence that is "significantly probative." *Celotex*, 477 U.S. at 327. The court has an affirmative

---

[1] MICROS has alleged that Sagent personnel made similar statements during an in-person meeting on June 6, 2000, but, admittedly, Sagent has, through deposition testimony, disputed that the statements were made during the June 6 meeting.

obligation to prevent factually unsupported claims and defenses from proceeding to trial. *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987).

Additionally, pursuant to Rule 56(e), when the moving party supplements its motion for summary judgment with an affidavit or other materials, the non-moving party cannot respond with mere allegations or denials. *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968); *see generally* 10B Wright, Miller & Kane, *Federal Practice & Procedure* § 2739 (1998 ed.). The non-moving party must, through affidavits, deposition testimony, or otherwise, show that there is a genuine issue of material fact remaining for trial. *Anderson*, 477 U.S. at 257; *Pine Ridge Coal Co. v. Local 8377, United Mine Workers of Am.*, 187 F.3d 415, 422 (4th Cir. 1999). Its failure to do so will warrant entry of summary judgment against it.[2]

The fact that the parties have filed cross-motions for summary judgment also neither warrants not precludes entry of summary judgment in itself, because each motion must be decided independently. *E.g., Federal Sav. & Loan Ins. Corp. v. Heidrick*, 774 F. Supp. 352, 356 (D. Md. 1991). Additionally, in the case of cross-motions, a party concedes facts only for the purpose of its own motion, and such concessions cannot be used against the pleader in ruling on the opponent's motion for summary judgment. *See, e.g., Cram v. Sun Ins. Office Ltd*, 375 F.2d 670 (4th Cir. 1967); 10A Wright, Miller & Kane, *Federal Practice & Procedure* § 2720 (1998 ed.).

<u>Argument</u>

This Court should grant summary judgment in MICROS's favor for the reasons stated in MICROS's Motion, and because Sagent did not, in its Opposition, demonstrate the existence of a

---

[2] Rule 56(f) contains an exception to this rule when a party makes an affirmative showing that it cannot present facts essential to its opposition principally because additional discovery is necessary. Sagent has not raised or relied upon Rule 56(f) in its Opposition.

3

genuine dispute of material fact on any issue, in large part because of its failure, in violation of Rule 56(e), to support its allegations and denials with affidavits, deposition testimony, documents, or any other admissible evidence.

1.  Sagent Did Not Demonstrate A Genuine Issue Of Material Fact As To The "Doe" Defendants.

In its Motion, MICROS cited deposition testimony of Sagent's sole witness and excerpts from Sagent's written discovery responses, and argued, under Rules 12(b)(7) and 12(c), that MICROS was entitled to summary judgment in its favor because of Sagent's complete failure to identify and/or join any person or entity that might qualify as a "Doe" defendant in this action. Sagent's Opposition on this point is limited to its unsupported assertion that MICROS did not cite authority in support of its position. Sagent fails to explain how the references to the applicable Federal Rules and the record do not qualify as "authority" in favor of MICROS's position.

To the extent that additional law is necessary on the point: dismissal is appropriate under Rule 12(b)(7) when a party is indispensable but cannot be joined. *E.g.*, *United States v. White*, 893 F. Supp. 1423 (C.D. Cal. 1995). Even if the motion were brought as a motion to dismiss under Rule 12, when matters outside the pleadings are considered, the motion would then be treated as one for summary judgment, *e.g.*, *Steward v. Gwaltney of Smithfield, Ltd.*, 954 F. Supp. 1118, 1121 (E.D Va.), *aff'd mem.*, 103 F.3d 120 (4th Cir. 1996), so it certainly can be appropriate to raise the issue under a Rule 56 motion, as each party would then have the full opportunity to brief the issue and provide any extra-pleading evidence as would be available and relevant, *e.g.*, *Citizen Band of Potawatomi Indian Tribe v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994).

Sagent's complaint reflects allegations against the "Doe" defendants that are intertwined and inseparable from the allegations made against MICROS. See Complaint, ¶¶ 5, 12 (incorporating by

4

reference into the substantive claims all of the preceding paragraphs, including paragraph 3, which specifically references the "Doe" defendants). Sagent's Opposition fails entirely to identify any person who might qualify as a "Doe," fails to raise any genuine dispute of material fact that such persons are indispensable, and fails to present any basis why such persons could not now be identified or joined in this action. For the foregoing reasons, summary judgment in MICROS's favor is appropriate. *See Felty*, 818 F.2d at 1128.

> 2. Sagent Did Not Demonstrate Either A Genuine Issue Of Material Fact Or That MICROS Was Not Entitled To Judgment As A Matter Of Law With Respect To The "Common Counts" Claim.

In its Motion, MICROS presented deposition excerpts and extensive case law, both from California and Maryland, in support of its argument that Sagent is not entitled to recover under a "Common Counts" theory. Sagent's Opposition is devoid of any reference to California or Maryland law refuting MICROS's argument that MICROS is entitled to summary judgment on this point. Nor does Sagent's Opposition present any basis for a genuine dispute of material fact with respect to the facts essential to MICROS's entitlement to summary judgment in its favor on this claim. For the reasons stated in the Motion, principally the undisputed fact that there was no open book account or account stated, which are essential elements of a "Common Count" claim under applicable law, and for the reasons stated herein, summary judgment in MICROS's favor is appropriate on count 2 of the Complaint. *See Felty*, 818 F.2d at 1128; *see also First Nat'l Bank*, 391 U.S. at 289; *see also Celotex*, 477 U.S. at 323 (the failure to produce evidence sufficient to permit the fact-finder to find for the nonmovant as to one of the elements of his cause of action renders any other issue of fact immaterial).

3.  **Sagent's Opposition Fails To Demonstrate A Genuine Dispute Of Material Fact With Respect To MICROS's Motion On Count 1 Of The Complaint.**

MICROS's Motion on Count 1 was based primarily on the following points: Sagent personnel made material misstatements before June 30, 2000, upon which MICROS relied to its detriment; accordingly, any contract entered into in reliance on those misstatements is void, and certainly cannot support an action for breach of contract. Sagent's Opposition makes various denials of both points, but presents neither decisional references nor admissible factual evidence in support of its denials. Under Rule 56(e), summary judgment in MICROS's favor is appropriate.

While MICROS acknowledges that the statements that MICROS has alleged were made during a June 6, 2000, in-person meeting are disputed, MICROS has also alleged that the same statements were also made telephonically after that meeting, and Sagent, to date, has not disputed that latter allegation. In its Motion, MICROS, through deposition testimony and affidavit, presented the facts supporting its assertion that Sagent made statements after the June 6 meeting and before MICROS sent the document on June 30 upon which MICROS relied. Sagent's Opposition presents no admissible evidence to dispute that assertion, preferring to rely on blanket denials. This is unsurprising, in that Sagent has acknowledged, through its deposition witness, that it cannot dispute the existence or content of the post-meeting statements. *See, e.g.*, MICROS's Motion at 2-3 and the accompanying exhibits.

Sagent also presents no law controverting MICROS's central legal assertion: that a contract made as the result of material pre-contractual misrepresentations is void. *See Snyder v. Herbert Greenbaum & Assocs.*, 38 Md. App. 144, 148-49 (1977); *see also Greenfield v. Heckenbach*, 144 Md. App. 108, 130, 138 (2002). Sagent merely repeats its assertion that there was a valid contract between the parties and that MICROS's actions constituted an unjustified material breach of it. That does not suffice for Rule 56(e) purposes. *See, e.g., First Nat'l Bank*, 391 U.S. at 289.

Sagent does attempt to incorporate by reference many of its prior filings in this matter, including its motion to dismiss, its motion in limine, its motion for summary judgment, and its reply in support of its motion for summary judgment, each ostensibly for the purpose of providing support for its otherwise unsupported allegations and denials.  This is not in keeping with the requirements of Rule 56(e).  When parties file cross-motions, each motion must be decided independently.  *See, e.g., Federal Sav. & Loan Ins. Corp. v. Heidrick*, 774 F. Supp. at 356; *see also Towne Mgmt. Corp. v. Hartford Accident & Indem. Co.*, 627 F. Supp. 170, 172 (D. Md. 1985) (the role of the court is to rule on each party's motion on an individual and separate basis, determining, in each case, whether judgment should be entered under Rule 56).  Whether Sagent is entitled to summary judgment in its favor under the theories it has advanced in its motion, whether it is entitled to dismissal of some or all of the counterclaim, or whether it is entitled at this particular stage of the proceedings to a motion in limine, are of no moment in determining whether MICROS is entitled to summary judgment in its favor with respect to the matters contained in Sagent's complaint.

Additionally, MICROS has alleged, with the specificity required under Rule 56 and the cases interpreting it, the absence of any genuine dispute of material fact necessary to grant summary judgment in MICROS's favor, and that MICROS is entitled under applicable law to the entry of summary judgment in its favor.  *Celotex*, 477 U.S. at 322; *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985).  MICROS has supported its arguments with an affidavit, excerpts from written discovery responses, excerpts from the depositions taken in this matter, and documents produced by the parties.  *See* MICROS's Motion and the various attachments thereto; *see also* Fed. R. Civ. P. 56(c); *Pine Ridge Coal Co.*, 187 F.3d at 422.  Sagent's response is limited to unsupported denials and, with respect only to count 1, references to largely unspecified portions of its other filings.  Its legal memoranda and

argument, however, are not evidence and cannot create a factual dispute preventing summary judgment. *See Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1372 (3d Cir. 1996). When faced with affidavits and other specific factual references, Sagent must present counter-affidavits or other comparable and specific factual evidence that indicates a dispute of material facts, or else summary judgment against it will be proper and appropriate under Rule 56. *See* Fed. R. Civ. P. 56(e); *Pine Ridge Coal Co.*, 187 F.3d at 422. Sagent's failure to present affidavits or other evidentiary material that is "significantly probative" and indicative of a genuine issue of material fact, *see Celotex*, 477 U.S. at 327, entitles MICROS to summary judgment in its favor on the matters presented in MICROS's Motion. *Id.*

    4.    **Conclusion**.

For the foregoing reasons, MICROS's Motion for Summary Judgment should be granted.

 

*Michael H. Tow*
Michael H. Tow, Bar No. 12042
MICROS Systems, Inc.
7031 Columbia Gateway Drive
Columbia, MD 21046-2289
(443) 285-8052 (tel)
(443) 285-0466 (fax)

Counsel for MICROS Systems, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of May, 2003, a copy of the foregoing Defendant's Reply To Plaintiff's Opposition To Defendant's Motion For Summary Judgment was filed and served electronically on: Scott H. Phillips, Esq., Semmes Bowen & Semmes, 250 W. Pratt Street, Baltimore, MD 21201, and was mailed via first class mail, postage prepaid, to: Adron W. Beene, Esq., Law Offices of Adron W. Beene, 6472 Camden Ave, Ste 204, San Jose, CA 95120.

*Michael H. Tow*
Michael H. Tow, Bar No. 12042
MICROS Systems, Inc.
7031 Columbia Gateway Drive
Columbia, MD 21046-2289
(443) 285-8052 (tel)
(443) 285-0466 (fax)