IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SAGENT TECHNOLOGY, INC. | * | |
| Plaintiff | * | |
| v. | * | Case No. JFM-02-2505 |
| MICROS SYSTEMS, INC. | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM ON PAROL EVIDENCE**

Defendant, MICROS Systems, Inc. ("MICROS"), by counsel, submits this Supplemental Memorandum on Parol Evidence, and states as follows:

In its scheduling order of May 27, the Court instructed that, if MICROS contends that the Maryland common law parol evidence rule is materially different from the parol evidence rule codified in the Maryland Uniform Commercial Code (Md. Com. Law I Code Ann. § 2-202), MICROS could submit a supplemental memorandum setting forth the authorities for its position. Because MICROS does contend that there are material differences between the two parol evidence rules (although there are also many similarities between the two rules), MICROS has submitted the instant memorandum.

I.   The Common Law Parol Evidence Rule Defined

The common law parol evidence rule in Maryland has been stated and restated in varying formulations over time, but it may be reduced to some key principles, as follows:

Absent fraud or mistake, parol evidence is inadmissible to contradict, add to, or vary the terms of a written instrument where the writing is complete, unambiguous, and otherwise valid;

written agreements are presumed to be the complete integrated agreement of the parties (although the presumption is rebuttable), and parol evidence generally may not be introduced to explain or supplement an integrated written agreement unless the relevant terms are found to be ambiguous.  *See, e.g.*, *Calomiris v. Woods*, 353 Md. 425, 432 (1999); *Burroughs Corp. v. Chesapeake Petroleum & Supply Co.*, 282 Md. 406, 411 (1978); *Markoff v. Kreiner*, 180 Md. 150, 155 (1941); *Councill v. Sun Ins. Office*, 146 Md. 137, 151 (1924); *McElderry v. Shipley*, 2 Md. 25, 35 (1852); *Greenfield v. Heckenbach*, 144 Md. App. 108, 121-22 (2002); *McIntyre v. Guild, Inc.*, 105 Md. App. 332, 355 (1995).  Parol evidence may also be admissible for other purposes, *e.g.*, whether there was a failure of consideration, *Ingersoll v. Martin*, 58 Md. 67, 73 (1882); whether the agreed consideration was in fact received, *Venners v. Goldberg*, 130 Md. App. 135 (2000); *Bratt v. Bratt*, 21 Md. 578, 584 (1864); or whether a writing was either not intended to be a binding contract at all or was not intended to become binding until the happening of certain events or conditions, *see, e.g.*, *Catholic Univ. of Am. v. Bragunier Masonry Contractors, Inc.*, 139 Md. App. 277 (2001), *aff'd*, 368 Md. 608 (2002); *Tricat Indus. Inc. v. Harper*, 131 Md. App. 89, 108, *cert. denied*, 359 Md. 334 (2000); *Pradham v. Maisel*, 26 Md. App. 671, 678 n.2 (1975); *Gordy v. Ocean Park, Inc.*, 218 Md. 52, 62 (1958); *Rinaudo v. Bloom*, 209 Md. 1, 9 (1956).  In *Gordy*, for example, the issue of whether the parties intended the document to be a binding contract of sale was held to have been properly submitted to the jury, along with the evidence of prior and contemporaneous discussions and understandings on that point, because the parol evidence rule would not have any impact unless the document was first determined to be the binding contract between the parties.  218 Md. at 62.

II.     The UCC Parol Evidence Rule Defined

The UCC parol evidence rule, as adopted in Maryland, states:

**§2-202. Final written expression; parol or extrinsic evidence.**

Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented

(a) By course of dealing or usage of trade (§ 1-205) or by course of performance (§ 2-208); and

(b) By evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement.

Md. Com. Law I Code Ann. § 2-202; *see generally Burroughs Corp. v. Chesapeake Petroleum & Supply Co.*, 282 Md. 406 (1978); *Tatum v. Richter*, 280 Md. 332, 336 (1977); *Snyder v. Herbert Greenbaum & Assocs., Inc.*, 38 Md. App. 144 (1977).

Maryland also adopted the official comments to this section of the UCC, which state, in their entirety, as follows:

1.  This section definitely rejects:

   (a) Any assumption that because a writing has been worked out which is final on some matters, it is to be taken as including all the matters agreed upon;

   (b) The premise that the language used has the meaning attributable to such language by rules of construction existing in the law rather than the meaning which arises out of the commercial context in which it was used; and

   (c) The requirement that a condition precedent to the admissibility of the type of evidence specified in paragraph (a) is an original determination by the court that the language used is ambiguous.

    2. Paragraph (a) makes admissible evidence of course of dealing, usage of trade, and course of performance to explain or supplement the terms of any writing stating the agreement of the parties in order that the true understanding of the parties as to the agreement may be reached. Such writings are to be read on the assumption that the course of prior dealings between the parties and the usages of trade were taken for granted when the document was phrased. Unless carefully negated they have become an element of the meaning of the words used. Similarly, the course of actual performance by the parties is considered the best indication of what they intended the writing to mean.

    3. Under paragraph (b), consistent additional terms, not reduced to writing, may be proved unless the court finds that the writing was intended by both parties as a complete and exclusive statement of all the terms. If the additional terms are such that, if agreed upon, they would certainly have been included in the document in the view of the court, then evidence of their alleged making must be kept from the trier of fact.

Md. Com. Law I Code Ann. § 2-202, Comments, and, generally, the cases cited *supra*.

    III.    <u>There are Other Similarities Between the Common Law and the UCC Rules.</u>

The UCC parol evidence rule does not specifically reference an exception for fraud (or mistake or accident, which are also traditional exceptions to the common law rule). However, section 1-103 of the UCC states, in relevant part, that "[u]nless displaced by the particular provisions of Titles 1 through 10 of this article, the principles of law and equity, including the law merchant and the law relative to … fraud, misrepresentation, …, or other validating or invalidating cause shall supplement its provisions …." Md. Com. Law I Code Ann. § 1-103. In reliance on this section, courts and commentators generally agree that the UCC parol evidence rule is subject to the same exceptions as the common law parol evidence rule for matters that would invalidate the contract in its entirety, including fraud and misrepresentation. *See, e.g.*, *Associated Hardware Supply Co. v. Big Wheel Distrib. Co.*, 355 F.2d 114 (3d Cir. 1965) (applying Pennsylvania law); *Turner v. Terry*, 799 So. 2d 25 (Miss. 2001); *Paiva v. Vanech*

*Heights Constr. Co.,* 271 A.2d 69 (Conn. 1970); White & Summers, <u>Uniform Commercial Code</u> §§ 2-9, 2-10 (4th ed. 1995); Spivey, *Application of Parol Evidence Rule of UCC § 2-202 Where Fraud or Misrepresentation is Claimed in Sale of Goods*, 71 A.L.R.3d 1059 (1976 & Supp. 2001); <u>Anderson on the Uniform Commercial Code</u> § 2-202 (3d ed. 1997). Consequently, there is no difference between the common law rule and the parol evidence rule in this area.

There are also some other similarities between the common law and the UCC, including that, in general, ambiguities in a contract are construed against the drafter. *See, e.g.*, *Burroughs*, 282 Md. at 411. Under both the common law and the UCC, the presence or absence of an integration clause has some bearing on the court's decision whether a writing is intended to be integrated: while an integration clause is not in itself dispositive on the question whether the document is intended as a final and integrated agreement, *see Pumphrey v. Kehoe*, 261 Md. 496 (1971); *Shoreham Developers v. Randolph Hills*, 248 Md. 267 (1967); *see also ARB Inc. v. E-Systems*, 663 F.2d 189, 199 (D.C. Cir. 1980) (applying Maryland law; analyzing the length, detail, and time spent in negotiating the terms of the contract in evaluating the effect of the presence or absence of an integration clause), its absence lends credence to a claim that the document was not intended as a conclusive expression of the parties' agreement.

    IV.    <u>There are Differences Between the UCC Rule and the Common Law Rule</u>

While the common law and the UCC parol evidence rule clearly are similar in certain respects (each is subject to an exception for fraud or misrepresentation; each prohibits the introduction of evidence that would contradict or modify an express provision of, or add an important additional term to, a written contract that the parties intended as a complete, exclusive, and fully integrated expression of their agreement), there are also differences between the two

5

rules.  The official comments to the UCC parol evidence rule highlight several of the major differences between the common law rule and the UCC rule:

- under the UCC, there is no presumption, rebuttable or otherwise, that a writing is the complete integrated agreement of the parties (Comment 1(a)); White & Summers, *supra*, §§2-9 and 2-10; Goetz & Scott, *Limits of Expanded Choice: An Analysis of the Interactions Between Express and Implied Contract Terms*, 73 Cal. L. Rev. 261, 274 (1985).  The common law does recognize this presumption, although courts will permit evidence to rebut it.  *E.g., McIntyre v. Guild, Inc.*, 105 Md. App. 332, 355 (1995).

- under the UCC, evidence of course of dealing, usage of trade, and course of performance are always admissible to explain terms in the written agreement, at least where they do not directly contradict an express term of the written agreement (Comment 1(b), Comment 2); *Snyder*, 38 Md. App. at 150, and without a prior finding by the court that relevant terms of the contract are ambiguous (Comment 1(c)); *Brunswick Box Co. v. Coutinho Caro & Co.*, 617 F.2d 355 (4th Cir. 1980) (applying Virginia law); *ARB, Inc. v. E-Systems, Inc.*, 663 F.2d 189 (D.C. Cir. 1980) (applying Maryland law).  By contrast, at common law, courts are to apply an objective law of contract, reading the terms as a reasonable person in the position of the parties, which can serve to exclude interpretive evidence unless there is a prior showing of ambiguity (which may itself require the admission of extrinsic evidence).  *E.g.*, *Pacific Indem. Co. v. Interstate Fire & Casualty Co.*, 302 Md. 383, 389 (1985), *McIntyre*, 105 Md. App. at 355.

- the admissibility of evidence of consistent additional terms is different from the common law standard (Comment 3), in that, unless the agreement is affirmatively determined to have been intended to be completely integrated or unless the terms were such that, if agreed

upon, they would "certainly" have been included in the writing, the evidence is admissible; *Snyder*, 38 Md. App. at 151-52; White & Summers, *supra*, §2-10.  At common law, evidence of a consistent and non-contradictory additional term is admissible unless there is a finding that the written agreement was completely integrated as to all terms.  Restatement (Second) of Contracts §§ 210(2), 215, 216.  The UCC is thus more restrictive than the common law, in that, once the writing is determined to be not completely integrated, the common law allows evidence of consistent additional terms, but the UCC requires a negative answer to an additional question – whether the term is one that "certainly" would have been in writing if it had in fact been agreed upon – before the evidence may be admitted.

        V.       <u>The Differences are Material to the Court's Analysis of the Case.</u>

As discussed above, both the UCC and the common law recognize an exception to their respective parol evidence rules for cases in which the writing at issue was allegedly procured by fraud or misrepresentation.  Since MICROS has alleged and adequately pleaded fraud and misrepresentation, the pre-June 30 statements may be admitted and considered by the Court regardless of which parol evidence rule is determined to be applicable to this matter.  Assuming for the sake of argument that the Court declines to apply the fraud and misrepresentation exception to this case, then the Court would need to determine which parol evidence rule it will apply.

The determination may matter because, if the common law rule is selected, the Court will need to determine whether the presumption of integration may be rebutted; under the UCC rule, there is no such presumption, although the determination of whether the writing is intended to be completely integrated will matter for other purposes.  In this particular case, however, if the

Court selects the common law rule, the Court should have little difficulty determining that the presumption of integration should not apply, based on the factual and other matters discussed at length in the parties' other filings and summarized herein: the absence of integration or merger language, the unexplained mathematical ambiguities, the internal reference to "subject to "Annual Maintenance & Support terms and conditions, see attached Support Agreement," none of which were ever attached or supplied, and the absence of customary licensing terms. Additionally, and consistent with the common law rule, the disputed evidence is admissible on the question whether the writing was intended to be a binding contract at all or was intended to become binding only after the happening of certain events or conditions, *see, e.g.*, *Catholic Univ. of Am.*, 139 Md. App. 277; *Gordy*, 218 Md. at 62. As discussed in other filings, the pre-June 30 statements make clear that the writing was not intended to be binding in strict accordance with only the written terms.

Further, the selection of one rule or another also is material insofar as the pre-June 30 statements are considered in the context of "consistent additional terms." Under both the UCC and the common law, consistent additional terms are inadmissible if the writing is determined to have been completely and exclusively integrated; as discussed *supra*, however, the Court will have little difficulty determining that the writing was not so intended. However, if the UCC rule is selected, the Court must then engage in an additional inquiry: whether the terms are such that, if agreed upon, they would "certainly" have been included in the writing. Md. Com. Law I Code Ann. § 2-202(b) and Comment 3; *Snyder*, 38 Md. App. at 151-52; White & Summers, *supra*, §2-10. Under Maryland law, that determination is based on the court's analysis of the parties' express obligations in the writing and the degree of reasonable harmony of the additional terms

with the written terms. *Snyder*, 38 Md. App. at 151-52. In *Snyder*, the court held that a proposed additional term allowing unconditional unilateral rescission was inconsistent and would have been included in the final written agreement if actually agreed to, given the nature of the other party's obligation in the written agreement. As the court wrote:

> A term allowing unilateral cancellation would certainly have been included in the contract, given the nature of appellee's obligation. Appellee was required to take substantial preparatory steps to performance, such as the purchase of the carpet. To protect this obligation, any term allowing unilateral cancellation by appellee, had there been such a term, would have included an express qualification as to the time of cancellation. Certainly the cancellation term would have been included in the writing to evidence appellee's ability to cancel at *any* time. We conclude that the contract was intended to be a complete and exclusive statement of the contract terms and, therefore, the evidence of additional terms was properly excluded. … In terms of the obligations of the appellee, which required appellee to make extensive preparations in order to perform, unqualified unilateral cancellation by appellants is not reasonably harmonious.

*Snyder,* 38 Md. App. at 151-52.

Here, by contrast, the proposed additional terms (that plaintiff Sagent Technologies, Inc. ["Sagent"] and MICROS would work together to service mutual customers, that, if MICROS could not resell or otherwise use the licenses that were contemplated in this transaction, the software could be returned to Sagent for a full refund, and that Sagent would help MICROS resell the licenses) are in reasonable harmony with the written language and the respective obligations of the parties to the extent expressed in the writing. Unlike the appellee in *Snyder*, Sagent was not required to take any meaningful preparatory steps to performance – the evidence indicates that within hours of when the document was faxed to Sagent on June 30, 2000, Sagent put a disk in an air express courier envelope and handed it to the carrier, so that it could take revenue that it associated with the transaction during the quarter ending June 30, 2000. Every

indication (as discussed at greater length in other filings) is that it is clear that the software was being acquired not for MICROS's own internal use but, instead, for use by MICROS's customers, and so the concept that Sagent would assist MICROS in relicensing the software to one of its customers or, if unsuccessful in that effort, assist MICROS in relicensing it to a party not a customer of MICROS is hardly inconsistent or unharmonious with any express obligation that may be reflected in the writing for MICROS to acquire a license to the software.  For these reasons, if the Court elects to apply the UCC parol evidence rule, the Court should find the evidence of the pre-June 30 statements admissible as consistent additional terms, because they are consistent and are not such that, if agreed upon, they would "certainly" have been included in the writing.[1]

    VI.    <u>Conclusion</u>.

The UCC parol evidence rule and the common law parol evidence rule, although similar in many respects, do reflect real differences.  Those differences require the Court to engage in materially different inquiries in determining whether to admit the disputed evidence.  Ultimately, though, MICROS contends that the selection of which rule to use is not material in the sense of being outcome-determinative, in that, as MICROS has demonstrated, the Court may admit the disputed evidence under either version of the parol evidence rule, whether under the fraud and misrepresentation exception, or as evidence of consistent additional terms with respect to a writing not intended as the complete exclusive integrated expression of the parties' agreement, or

---

[1] The evidence adduced to date indicates that Sagent drafted the form of document used by MICROS in the June 30 transaction.  As noted *supra*, the rule of construction against the drafter applies both under the common law and under the UCC.  *See Burroughs Corp.*, 282 Md. at 411.

as evidence of the extent to which the parties considered the writing to be a final and binding agreement in accordance with its express terms.

*Michael H. Tow*
Michael H. Tow, Bar No. 12042
MICROS Systems, Inc.
7031 Columbia Gateway Drive
Columbia, MD 21046-2289
(443) 285-8052 (tel)
(443) 285-0466 (fax)

### CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June, 2003, a copy of the foregoing Defendant's Supplemental Memorandum on Parol Evidence was filed and served electronically on: Scott H. Phillips, Esq., Semmes Bowen & Semmes, 250 W. Pratt Street, Baltimore, MD 21201, and was mailed via first class mail, postage prepaid, to: Adron W. Beene, Esq., Law Offices of Adron W. Beene, 6472 Camden Ave, Ste 204, San Jose, CA 95120.

*Michael H. Tow*
Michael H. Tow, Bar No. 12042
MICROS Systems, Inc.
7031 Columbia Gateway Drive
Columbia, MD 21046-2289
(443) 285-8052 (tel)
(443) 285-0466 (fax)