IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SAGENT TECHNOLOGY, INC.       *

      Plaintiff               *

v.                           *       Civil Action No. JFM-02-2505

MICROS SYSTEMS, INC., et al     *

      Defendants           *

**PLAINTIFF'S REPLY TO DEFENDANT'S SUPPLEMENTAL
MEMORANDUM ON PAROL EVIDENCE**

Sagent Technology, Inc. ("Sagent"), Plaintiff, by and through its undersigned counsel, hereby replies to the Supplemental Memorandum on Parol Evidence ("Supplemental Memorandum") filed by Micros Systems, Inc. ("Micros"), Defendant.

Distilled to its core tenets, Micros' Supplemental Memorandum contends 1) that the pre-June 30, 2000 statements allegedly made by Sagent personnel -- most notably the alleged promise to accept return of the software for a full refund of the purchase price to Micros if Micros was unable to resell the software -- is admissible under both the common law and UCC parol evidence rules since Micros has alleged fraud in its Counterclaim and 2) the proffered parol evidence is admissible under the "consistent additional" terms exception to the UCC parol evidence rule. In response, Sagent submits 1) under Maryland common law, a written contract is presumed to reflect the final and complete terms of the parties' agreement and, absent ambiguity in such a contract, parol evidence is inadmissible to modify, explain or supplement any term therein, 2) the parol evidence proffered by Micros is not admissible under the "consistent additional" terms exception to the UCC parol evidence rule because that evidence is not consistent with any express term of the written contract, is of such import that it would have been

reflected in the written contract had the parties agreed to it, and the contract was intended to reflect the final and complete expression of the terms of the parties' agreement, 3) the parol evidence proffered by Micros is not admissible under the fraud exception to the parol evidence rule as the only allegation of fraud stems from Micros' counterclaim on a contract which this Court does not have jurisdiction to entertain, and 4) the parol evidence proffered by Micros is not admissible under the fraud exception to the parol evidence rule because the record does not establish fraud by clear and convincing evidence.

    A.    <u>Under Maryland Common Law, the June 30, 2000 Contract Is Presumed to Express the Final and Complete Terms of the Parties' Agreement; Absent Any Ambiguity In That Contract, Parol Evidence Is Inadmissible to Modify, Supplement Or Explain the Contract</u>.

Under the common law, the June 30, 2000 contract is presumed to express the final, complete and exclusive terms of the agreement between Sagent and Micros.  See <u>McIntyre v. Guild, Inc.</u>, 105 Md. App. 332, 355 (1995).  Absent any ambiguity in such a contract, Maryland common law precludes the admission of parol evidence to modify, supplement or explain the contract.  There is no evidence that any term in the June 30, 2000 contract is ambiguous.  Therefore, the parol evidence proffered by Micros is inadmissible to modify, supplement or explain the contract.

    B.    <u>The UCC Governs the Contract At Issue</u>.

As set forth in previous Sagent pleadings, the June 30, 2000 contract between the parties is one for the sale of "goods" and is therefore governed by the UCC.  Several courts have held that computer software constitutes "goods" within the meaning of the UCC when the software code exists on a disc or other medium that is tangible and moveable at the time of sale.  <u>Advent</u>

<u>Sys. Ltd. v. Unisys Corp.</u>, 925 F.2d 670, 675 (3rd Cir. 1991); <u>Delorise Brown, Inc. v. Allio</u>, 86 Ohio App. 3d, 359, 362, 620 N.E.2d 1020, 1021 (1993).  The software at issue in this case was housed on such a disc.  Callnin Tr. at 59.  The conclusion that the instant contract is governed by the UCC is also compelled under the "predominant purpose" test of <u>Burton v. Artery Co.</u>, 279 Md. 94, 367 A.2d 935 (1977).

As Micros points out, in analyzing whether parol evidence is admissible under the "consistent additional" terms exception[1] to the UCC parol evidence rule the court must determine whether the contract was intended to express the final, complete and exclusive terms of the parties' agreement, and whether the parol evidence proffered is of such import that it would have been included in the written contract had the parties agreed to it.  The UCC parol evidence rule bars the parol evidence proffered by Micros because 1) it is not consistent with any express term of the June 30, 2000 written contract, 2) it is of such import that it would have been included in the written contract had the parties agreed to it, and 3) the contract was intended to reflect the final and complete expression of the terms of parties' agreement.

    1.    <u>The Parol Evidence Proffered By Micros Is Not Consistent With Any Express Term of the Contract</u>.

Although the UCC allows "consistent additional" terms to be admitted to explain or supplement the terms of a written contract, such terms must be consistent with the terms of that

---

[1]

    As set forth in Sagent's previously-filed Motion *in Limine*, the UCC may admit parol evidence in order to explain a prior "course of dealing" between the parties.  Md. Code Ann. Com. Law I § 2-202(a).  However, as briefed previously, <u>Snyder v. Herbert Greenbaum & Assocs.</u>, 38 Md. App. 144, 380 A.2d 618 (1977), requires that the parol evidence proffered  under this exception serve to <u>interpret</u> an express provision of the contract, not <u>add</u> to it.  The parol evidence proffered by Micros does not serve to interpret any express provision of the June 30, 2000 contract; rather, it seeks to add to that contract a term on which the contract is otherwise absolutely silent.

contract and are barred if the court finds the written contract to have been intended as a

"complete and exclusive statement of the terms of the agreement."  Md. Code Ann. Com. Law I

§ 2-202(b).  Micros has failed to proffer any evidence that the parol evidence it seeks to admit --

most notably the contention that Sagent had agreed to accept the software in return for a full

refund to Micros (the "full refund" notion) -- is consistent with any express term of the June 30,

2000 contract between the parties.  Micros suggests,

> [T]he concept that Sagent would assist Micros in relicensing the
> software to one of its customers or, if unsuccessful in that effort,
> assist Micros in relicensing it to a party not a customer of Micros is
> *hardly inconsistent or unharmonious with [any express term of the*
> *June 30, 2000 contract].*

Supplemental Memorandum at 10 (emphasis added).  This contention is important for two

reasons: First, conspicuous by its absence is any attempt by Micros to contend the "full refund"

notion is "hardly inconsistent with or unharmonious with" any express term of the written

contract.  Sagent submits that the lack of any such attempt is evidence that Micros acknowledges

that the "full refund" notion is, indeed, inconsistent with the written contract and, therefore,

inadmissible under the "consistent additional" terms exception.  Second, the emphasized

language quoted above reveals Micros' circular attempt to show that its proffered parol evidence

is <u>consistent</u> with the terms of the June 30, 2000 written contract because it is not <u>inconsistent</u>

with any of those terms.

Contrary to Micros' suggestion, an additional term is not <u>consistent</u> with the terms of a

written contract simply because it is not <u>inconsistent</u> with any term therein.  This sentiment was

expressed in <u>ARB, Inc. v. E-Systems, Inc.</u>, 663 F.2d 189 (D.C. Cir. 1980)(applying Maryland

law), in which the court construed the "consistent additional" terms exception to the UCC parol

evidence rule.  In <u>ARB</u>, the court held, "[The test of consistency] is based not on the standard of simple non-contradiction of an express term of the contract ... but on a stricter standard requiring a substantially greater agreement between the contract and the proffered additional terms." <u>Id</u>. at 199.  There being no evidence that the parol evidence proffered by Micros is consistent with any express term of the June 30, 2000 written contract, that evidence is not admissible as a "consistent additional" term under § 2-202(b) of the UCC.

Micros seeks to admit the proffered parol evidence not to explain an existing term in the written contract, but to create a new term that is not referenced in either the contract or any of the voluminous, post-contractual writings between the parties discussing the sale.  As the Fourth Circuit expressed in <u>Thomas J. Kline, Inc. v. Lorillard, Inc.</u>, 878 F.2d 791 (4th Cir. 1989), <u>cert</u>. <u>denied</u>, 493 U.S. 1073, 110 S. Ct. 1120, 107 L.Ed.2d 1027 (1990), parol evidence is inadmissible to create a term on which the written contract is otherwise absolutely silent.

> 2.    <u>The Parol Evidence Proffered By Micros Is of Such</u>
> <u>Import That It Would Have Been Included In the</u>
> <u>Written Contract Had the Parties Agreed to It.</u>

Official Comment 3 of the statute provides further guidance on the admissibility of parol evidence under the "consistent additional" terms exception and, in pertinent part, reads:

> .... If the additional terms are such that, if agreed upon, they would
> certainly have been included in the document in the view of the
> court, then evidence of their alleged making must be kept from the
> trier of fact.

UCC § 2-202 at Off. Cmt. 3.  As set forth in Sagent's previous pleadings, the Court of Special Appeals of Maryland, in <u>Snyder v. Herbert Greenbaum & Assocs.</u>, 38 Md. App. 144, 380 A.2d 618 (1977),  relied on this very comment in sustaining the trial court's ruling that the parol evidence offered in that case was not admissible under the "consistent additional" terms

exception to the UCC's parol evidence rule.

In the case at bar, and as set forth in previous Sagent pleadings, Peter Rogers of Micros characterized as "important" the "full refund" concession that Micros alleges Sagent made in the pre-June 30 conversations.  Sagent submits that if a seller and a buyer, in a transaction valued at more than $100,000, had reached an agreement whereby the seller had agreed to accept the products he had sold to the buyer in return for a full refund of the purchase price, that agreement is of such significance that it would have been reflected in the written contract subsequently entered into by the parties.  Micros does not even contend, of course, that this alleged agreement is reflected in writing in <u>any</u> document, not to mention in the June 30, 2000 contract. Accordingly, under the plain language of Official Comment 3, and as enunciated in <u>Snyder</u>, the alleged agreement is not a "consistent additional" term and is therefore inadmissible.

In an effort to distinguish factually the instant case from <u>Snyder</u>, Micros contends "Sagent was not required to take any meaningful preparatory steps to performance ..." Supplemental Memorandum at 9.  In <u>Snyder</u> the court concluded that the buyer's alleged unilateral right to cancel the contract was not "reasonably harmonious" with the "substantial preparatory steps" the seller was required to take prior to performance.  <u>Snyder</u>, 38 Md. App. at 151-52.  In support of its effort to distinguish <u>Snyder</u> from the instant case, Micros points to the fact that Sagent delivered in a timely manner the software Micros had contracted to purchase. Supplemental Memorandum at 9.  Micros has made no showing as to how its alleged right to return the software to Sagent for a full refund approximately 18 months after it had purchased and received it is "reasonably harmonious" with Sagent's right to receive finally the benefit of its bargain, the purchase price.  In any event, Sagent submits it is the value of the contract – in

-6-

excess of $100,000 -- that makes so conspicuous the lack of any reference in the written contract to the "full refund" notion.  Had Sagent agreed to accept from Micros the software in return for a full refund of the purchase price Sagent submits that agreement is so significant it would have been reflected in the written contract between the parties.  At a minimum, it would have appeared somewhere in the next two years' worth of e-mails between the parties discussing Micros' persistent failure to pay for the software it had contracted to purchase.  That the alleged agreement appears in neither is not disputed.

      3.     The June 30, 2000 Contract Was Intended As a
           Complete and Final Expression of the Terms of the
           Parties' Agreement.

The common law presumes that a writing is the complete, integrated agreement of the parties.  McIntyre, supra.  As set forth above and in previous Sagent pleadings, there is no evidence in the record to support a rebuttal of this presumption in this case.[2]  Micros has presented no evidence to support its contention that Micros and Sagent considered the June 30, 2000 contract to be anything other than a complete and final expression of the terms of their agreement.  Although it is true that the holding in ARB, that the parties intended the written contract therein to be a "complete and exclusive statement of the terms of the agreement," was predicated in part on the existence of an integration clause in that contract, id., at 198, the court also found it important that the party seeking to introduce parol evidence had offered "no

---

[2]

  In its Supplemental Memorandum, Micros contends for the first time that "the disputed [parol] evidence is admissible on the question [of] whether the writing was intended to be a binding contract at all *or was intended to become binding only after the happening of certain events or conditions*."  Supplemental Memorandum at 8 (emphasis added).  This is the first time Micros has suggested that formation of the June 30, 2000 contract was contingent on the happening of some undefined event, a proposition wholly without support in the evidence in the record.

persuasive evidence that the parties intended, at the time of contracting, that non-written terms be part of the overall agreement." Id. at 199.  Similarly, a dearth of evidence supports Micros' contention in this regard in the instant case.  As set forth in previous Sagent pleadings, the June 30, 2000 contract reflects the date, a description of the exact goods Micros had agreed to purchase, the cost of the sale, the address to which the goods were to be delivered, and is signed by Peter Rogers, a Micros Vice President, who also wrote "approved" on the Purchase Order. Stated simply, there are no ambiguous provisions of the contract to be construed and the evidence shows that the parties intended the contract to constitute the final, complete and exclusive statement of the terms of their agreement.  Neither the UCC nor the common law admit parol evidence to modify an express provision of, or to add an additional term to, such a written contract.

     C.    <u>The Only Allegation of Fraud Is Seen In Micros' Counterclaim,<br>Which This Court Does Not Have Jurisdiction to Entertain;<br>Accordingly, The Fraud Exception to the Parol Evidence Rule<br>Does Not Apply</u>.

Micros contends that parol evidence of the pre-June 30, 2000 statements allegedly made by Sagent personnel should be admissible because Micros has alleged that the June 30, 2000 contract and a completely separate contract -- the Joint Intellectual Property Agreement -- were induced by fraud.  Supplemental Memorandum at 4, 7.  Although Micros concedes that the UCC does not expressly specify a fraud exception to the parol evidence rule, it nonetheless contends the UCC parol evidence rule is subject to the same exceptions as the common law parol evidence rule, including fraud.  Id.  However, Micros fails to cite a single Maryland case in support of its contention in this regard.  In fact, several courts have held that the UCC parol evidence rule bars the admission of parol evidence even where fraud is alleged and cited as an exception to the parol

evidence rule.  See e.g. <u>Norwest Bank Billings v. Murnion</u>, 684 P.2d 1067 (Mont. 1984); <u>Urschel</u>

<u>Farms v. Dekalb Swine Breeders</u>, 858 F. Supp. 831 (N.D. Ind. 1994); <u>Deerfield Commodities,</u>

<u>Ltd. v. Nerco, Inc.</u>, 696 P.2d 1096 (Or. 1985).

The only allegation of fraud in this case is seen in Micros' Counterclaim.  The allegations

of fraud in Micros' Counterclaim relate to a contract completely separate and apart from the

contract on which Sagent's claim is predicated.  Sagent has moved to dismiss the Counterclaim

based on the choice of law/forum provision contained in the contract forming the basis of that

claim, which dictates that any claim brought on the contract be brought in Santa Clara County,

California and decided under California law.[3]  Sagent, therefore, respectfully submits that this

Court does not have jurisdiction to entertain Micros' Counterclaim.  If the Court agrees and

dismisses Micros' Counterclaim, the fraud that Micros alleges serves as the predicate for the

admissibility of parol evidence vanishes and that evidence must be kept from the trier of fact.

However, assuming *arguendo* the Court does not dismiss Micros' Counterclaim, the record is

devoid of proof of fraud by clear and convincing evidence, even if the proffered parol evidence is

admitted.

<u>CONCLUSION</u>

Under Maryland common law, a written contract is presumed to reflect the final and

complete terms of the parties' agreement.  Absent ambiguity in such a contract, the common law

does not admit parol evidence to modify, explain or supplement any term therein.  There is no

---

[3]

  Sagent has also moved for summary judgment on Count I of the Counterclaim (Fraud) on the
basis that the statements cited by Micros in support of that claim do not constitute fraud under
Maryland law.

evidence in the record that any express term of the June 30, 2000 written contract between Sagent and Micros is ambiguous. Therefore, under Maryland common law the parol evidence proffered by Micros is inadmissible.

Under the UCC, parol evidence is admissible if 1) that evidence is a term that is consistent with some express term of the written contract, 2) the court finds the additional term is not so important that it would have been reflected in the written contract had the parties agreed to it, and 3) the court finds the written contract was not intended to express the final and complete terms of the parties' agreement. The parol evidence proffered by Micros is not admissible under the "consistent additional" terms exception to the UCC parol evidence rule because that evidence is not consistent with any express term of the written contract, is of such import that it would have been reflected in the written contract had the parties agreed to it, and the contract was intended to reflect the final and complete expression of the terms of the parties' agreement regarding this transaction. Therefore, under the UCC the parol evidence proffered by Micros is inadmissible.

The parol evidence proffered by Micros is not admissible under the fraud exception to the parol evidence rule as the only allegation of fraud stems from Micros' counterclaim on a contract which this Court does not have jurisdiction to entertain and is predicated on statements that do not constitute fraud under Maryland law. Sagent has moved to dismiss Micros' Counterclaim based on the choice of law/forum provision of that contract and, if that motion is granted, there will exist no predicate fraud for the admissibility of the parol evidence. Even if the allegations of fraud remain in the case, the evidence in the record does not establish fraud by clear and convincing evidence, the requisite standard.

-10-

Respectfully submitted,


*Scott H. Phillips*
Scott H. Phillips, #013244
SEMMES, BOWEN & SEMMES
250 W. Pratt Street
Baltimore, Maryland 21201
(410) 539-5040

Counsel for Sagent Technology, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of June, 2003, a copy of the foregoing Plaintiff's Reply to Defendant's Supplemental Memorandum on Parol Evidence was filed and served electronically on all counsel of record.


*Scott H. Phillips*
Scott H. Phillips


(B0350742.WPD;1)